# EXHIBIT 6

**Complaint for Damages Under False Claims Act**
Doc. No. 1, *U.S. ex rel. Grubbs v. Kanneganti*
1:05-cv-00323-MAC-KFG, (E.D. Tex. May 3, 2005)

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel,* et al<br>Caleb Hernandez and Jason Whaley, Relators,<br><br>*Plaintiffs*<br>vs.<br><br>TEAM HEALTH HOLDINGS, INC., et al<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§   No. 2:16-cv-00432-JRG<br>§<br>§<br>§<br>§ |

## AFFIDAVIT OF TARISA DEAN

I, Tarisa Dean, hereby declare and state as follows:

1. I am a paralegal with the law firm of Nix Patterson, LLP.

2. Attached as Exhibit 6 is a true and correct copy of the "Complaint for Damages Under False Claims Act" in the matter styled *U.S., ex rel, James H. Grubbs, M.D. vs. Ravikumar Kanneganti, M.D., et al*; which was filed in the United States District Court, Eastern District of Texas, Beaumont Division, Cause No: 1:05-cv-00323. This document was obtained from the Pacer website.

I hereby declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge and belief.

Executed on January 31, 2019.

_____
Tarisa Dean

State of Texas        §
County of Travis   §

SWORN AND SUBSCRIBED TO before me, a Notary Public, by Tarisa Dean on January 31, 2019.

_____
Notary Public

MARY N. CAMERON
ID #128345995
My Commission Expires
August 03, 2022

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

FILED - CLERK
U.S. DISTRICT COURT
2005 MAY -3  AM 10: 24
TX EASTERN-BEAUMONT
BY _Adele McMilla_

| | |
|---|---|
| UNITED STATES OF AMERICA, § <br> EX REL. JAMES H. GRUBBS, M.D., § <br> PLAINTIFFS, § <br> V. § <br> § <br> RAVIKUMAR KANNEGANTI, M.D., § <br> GEORGE E. GROVES, M.D., § <br> KASHI S. BAGRI, M.D., § <br> SHARAD B. KULKARNI, M.D., § <br> SRIYA DESILVA, M.D., § <br> BAPTIST HOSPITALS OF § <br> SOUTHEAST TEXAS, D/B/A § <br> MEMORIAL HERMANN BAPTIST § <br> BEAUMONT HOSPITAL, § <br> JOHN DOE ONE, § <br> JOHN DOE TWO, § <br> JOHN DOE THREE, § <br> JOHN DOE FOUR, AND § <br> JOHN DOE FIVE, § <br> DEFENDANTS. § | 1:05CV0323 <br> CIVIL ACTION, FILE NO. _____ <br><br> **Judge Crone** |

## COMPLAINT FOR DAMAGES UNDER FALSE CLAIMS ACT

**Filed In Camera pursuant to 31 U.S.C. § 3730(b)(2).**

Now come the United States ex rel. James H. Grubbs, M.D. (hereinafter, "Plaintiffs"), by and through their attorneys, The Cornwell Law Firm, and complain of Ravikumar Kanneganti, M.D., George E. Groves, M.D., Kashi S. Bagri, M.D., Sharad B. Kulkarni, M.D., Sriya DeSilva, M.D., and Baptist Hospitals of Southeast Texas, d/b/a Memorial Hermann Baptist Beaumont Hospital (hereinafter, "Defendants"), as follows:

I.

JURISDICTION AND VENUE

1. This action is brought on behalf of the United States to recover all damages, penalties and other remedies provided by 31 U.S.C. §§3729, *et. seq.*

2. This action is brought by James H. Grubbs, M.D., Relator, who claims entitlement to a portion of any recovery obtained by the United States as a *qui tam* plaintiff pursuant to 31 U.S.C. § 3730.

3. All defendants named herein knowingly, unlawfully and wrongfully submitted false claims, records and statements to officials of the United States for the purpose of obtaining Medicare and Medicaid payments, including but not limited to false claims for medical services claimed to have been provided, but not actually provided.

4. Jurisdiction exists and venue is proper in this District pursuant to 31 U.S.C. § 3730(b)(1) and 31 U.S.C. § 3732 as this action seeks remedies on behalf of the United States for violations of 31 U.S.C. § 3729 by defendants that can be found, that reside, and/or that transact business in this District, and because the fraudulent acts proscribed by §3729 occurred in this District.

5. As required under the False Claims Act, 31 U.S.C. § 3730(b)(2), a copy of this Complaint, together with written disclosure of substantially all material evidence and information Relator possesses, has been served on the U.S. Attorney for the Eastern District of Texas and The Attorney General of the United States as required by Rule 4 of the Federal Rules of Civil Procedure.

## II.

### PARTIES

1. Plaintiff, James H. Grubbs, M.D., Relator, is a physician specializing in the field of psychiatry in Beaumont, Texas.

2. Defendant BAPTIST HOSPITALS OF SOUTHEAST TEXAS, a/k/a MEMORIAL HERMANN BAPTIST BEAUMONT HOSPITAL (hereinafter, "The Hospital") is a Texas Corporation, and may be served through its registered agent, D. Paul Courtney, 7160 Dallas Parkway, #600, Plano, TX 75024, and/or David Parmer, its President and Chief Executive Officer, 3080 College, Beaumont, Texas 77701.

3. Defendant Ravikumar Kanneganti, M.D., upon information and belief, is a medical doctor practicing psychiatry, and may be served at his place of business, 3250 Medical Center Drive, Beaumont, Tx.

4. Defendant George E. Groves, M.D., upon information and belief, is a medical doctor practicing psychiatry, and may be served at his place of business, 3560 Delaware, Beaumont, Tx.

5. Defendant Kashi S. Bagri, M.D., upon information and belief, is a medical doctor practicing psychiatry, and may be served at his place of business, 2194 A. Eastex Freeway, Beaumont, Tx.

6. Defendant Sharad B. Kulkarni, M.D., upon information and belief, is a medical doctor practicing psychiatry, and may be served at his place of business, 3800 Hwy 365, Suite 124, Pt. Arthur, Tx.

7. Defendant Sriya DeSilva, M.D., upon information and belief, is a medical doctor practicing psychiatry, and may be served at his place of business, 2194 A. Eastex Freeway, Beaumont, Tx.

8. John Doe One, John Doe Two, John Doe Three, John Doe Four, and John Doe Five, are additional physicians practicing psychiatry in Beaumont, Texas, who are no longer part of the Hospital on-call group and/or no longer have admitting privileges at the Hospital.

III.

FACTS

1. Between on or about January 1, 2004, and the present date, and upon information and belief for up to five years prior thereto, the named Defendant physicians participated in the Hospital's on-call group for psychiatric patients, and during the course and as part of thereof they engaged in a pattern of conduct with the knowledge, acquiescence, assistance and approval of The Hospital and its staff that involved the routine submission of false and fraudulent claims for Medicare and Medicaid payments for medical services allegedly, but not actually, performed by the Defendant physicians.

2. As to John Doe One, John Doe Two, John Doe Three, John Doe Four, and John Doe Five, these physicians are no longer part of the Hospital on-call physicians group for psychiatric patients and/or no longer have admitting privileges at the Hospital. However, upon information and belief, one or more of said physicians have engaged in the same pattern of making false and fraudulent claims to Medicaid and/or Medicare which is otherwise described herein, and continue to do so, although their conduct in that regard is no longer carried out with the direct knowledge, acquiescence, assistance and approval of The Hospital and its staff.

3. Said false and fraudulent claims:
   a. Were knowingly presented and/or caused to be presented to an officer or employee of the United States Government for payment or approval;
   b. Involved the knowing use of false records and/or statements in order to get the false and fraudulent claims paid or approved by the Government; and
   c. Were made as part of a conspiracy to defraud the Government by getting the false or fraudulent claims allowed or paid;

   all within the meaning of and as prohibited by 31 U.S.C. §3729.

4. The actions of the Defendants in submitting the false and fraudulent claims were undertaken knowingly, in that:
   a. The Defendants had actual knowledge of the information; and/or
   b. The actions were undertaken in deliberate ignorance of the truth or falsity of the information; and/or
   c. The actions were undertaken in reckless disregard of the truth or falsity of the information.

5. As used herein, the term "claims" refers to requests and/or demands for money to be paid and actually provided by the United States Government.

6. The actions of the Defendants described above included but were not limited to the following:

a. Commencing in 2003, Relator was recruited by The Hospital to come to Beaumont and join the practice group of the Defendant physicians at The Hospital in order provide pediatric psychiatric services to patients within the Golden Triangle area.

b. After acceptance of The Hospital's recruitment offer, Relator moved to Beaumont to commence his practice in January, 2004.

c. Shortly after his arrival in Beaumont, Relator was asked to attend an informal dinner at Pappadeaux's Restaurant. During the dinner meeting, Defendants Groves and Kanneganti explained to Relator the "way things are done" in the practice group, including that Medicare and Medicaid patients were routinely billed for daily patient visits even when such visits never occurred. When Relator rhetorically asked, "Wouldn't that be illegal?" Groves and Kanneganti responded, "We've been doing it that way for a long time, and never had any problem with it."

d. Thereafter, Relator personally observed such practices being conducted by the Defendant physicians, including the writing of "physician visits" notes falsely describing alleged visits with and evaluations of patients based solely on information obtained through nursing contacts with patients and/or or fabricated in their entirety.

e. When Relator personally reported such practices to the Behavioral Health Hospital Administrator, Renee Wood, she replied, "You certainly figured that out quickly."

f. Through additional investigation, including contacts with patients and their families and Medicare and Medicaid compliance officers, Relator has further confirmed that the Defendant physicians have personally submitted claims to Medicaid and/or Medicare:

   (1) for patient visits and evaluations which were never conducted or performed,

(2) for visits with patients that were in fact only conducted by nurses but billed as physician visits, and

(3) for prescribing medications to patients without conducting psychiatric evaluations to support the administration of such medications.

IV.

### First Claim (Violation of 31 U.S.C. §3729(a)(1))

1. Relator incorporates by reference herein all allegations set forth above.
2. All Defendants knowingly presented, or caused to be presented, to an officer or employee of the United States Government false and/or fraudulent claims for payment or approval as more fully proscribed and within the meaning of 31 U.S.C. §3729(a)(1).
3. By reason of said violation of 31 U.S.C. § 3729(a)(1) the defendants have knowingly or recklessly damaged the United States government in an as yet undetermined amount.

V.

### Second Claim (Violation of 31 U.S.C. §3729(a)(2))

1. Relator incorporates by reference herein all allegations set forth above.
2. All Defendants knowingly made, used, or caused to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government, as more fully proscribed and within the meaning of 31 U.S.C. §3729(a)(1).
3. By reason of the violation of 31 U.S.C. § 3729(a)(2) defendants have knowingly or recklessly damaged the United States government in an as yet undetermined amount.

VI.

### Third Claim (Violation of 31 U.S.C. §3729(a)(3))

1. Relator incorporates by reference herein all allegations set forth above.
2. All Defendants conspired to defraud the Government by getting a false or fraudulent claim allowed or paid.
3. By reason of the violation of 31 U.S.C. § 3729(a)(3) defendants have knowingly or recklessly damaged the United States government in an as yet undetermined amount.

## VII.

### PRAYER FOR RELIEF

WHEREFORE, the United States is entitled to damages from defendants, jointly and severally, in accordance with the provisions of 31 U.S.C. §§3729, et seq., of which up to 30% should be paid to Relator, James H. Grubbs, M.D., and such further relief as is appropriate in the premises in an amount, presently indeterminable, on the First, Second and Third Claims, for violations of 31 U.S.C. § 3729(a)(1), (2) and (3), as follows:

1. A civil penalty of not less than $5,000 and not more than $10,000, for each separate false claim submitted; plus
2. Three (3) times the amount of damages which the Government sustained because of the acts of defendants, together with
3. All of Plaintiffs' attorney's fees and costs.

Plaintiffs further pray for such further and additional relief at law or in equity that this Court may deem appropriate or proper.

PLAINTIFFS, UNITED STATES EX REL. JAMES H. GRUBBS, M.D., HEREBY DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Respectfully submitted,

THE CORNWELL LAW FIRM
850 Park Street, Suite 101
Beaumont, Texas 77701
Telephone: (409) 833-1889
Telecopier: (409) 833-0711

By: Gary Cornwell
Texas Bar No. 04837000
Lawyers for Plaintiff

May 3, 2005