# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* Caleb Hernandez & Jason Whaley, Relators, | § § § | |
| STATE OF CONNECTICUT, *ex rel.* Caleb Hernandez & Jason Whaley, Relators, | § § § | |
| STATE OF FLORIDA, *ex rel.* Caleb Hernandez & Jason Whaley, Relators, | § § § | |
| STATE OF GEORGIA, *ex rel.* Caleb Hernandez & Jason Whaley, Relators, | § § § | |
| STATE OF INDIANA, *ex rel.* Caleb Hernandez & Jason Whaley, Relators, | § § § | Civil Action No. 2:16-CV-00432-JRG |
| STATE OF LOUISIANA, *ex rel.* Caleb Hernandez & Jason Whaley, Relators, | § § § | |
| COMMONWEALTH OF MASSACHUSETTS, *ex rel.* Caleb Hernandez & Jason Whaley, Relators, | § § § § | |
| STATE OF TENNESSEE, *ex rel.* Caleb Hernandez & Jason Whaley, Relators, AND | § § § § | |
| STATE OF TEXAS, *ex rel.* Caleb Hernandez & Jason Whaley, Relators, | § § § | |
| *Relators,* | § § | |
| v. | § § | |
| TEAM HEALTH HOLDINGS INC., TEAM FINANCE, L.L.C., TEAM HEALTH INC., & AMERITEAM SERVICES, L.L.C., | § § § § | |
| *Defendants.* | § § § | |

**PROTECTIVE ORDER**

The Court, *sua sponte*, issues this Protective Order to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

In support of this order, the Court finds that:

1. Documents or information containing confidential proprietary and business information and/or trade secrets ("Confidential Information") that bear significantly on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in this litigation;

2. The parties to this litigation may assert that public dissemination and disclosure of Confidential Information could severely injure or damage the party disclosing or producing the Confidential Information and could place that party at a competitive disadvantage;

3. Counsel for the party or parties receiving Confidential Information are presently without sufficient information to accept the representation(s) made by the party or parties producing Confidential Information as to the confidential, proprietary, and/or trade secret nature of such Confidential Information; and

4. To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

**IT IS THEREFORE ORDERED THAT:**

1. Certain Confidential Information that the producing party in good faith believes contains proprietary financial, business, or technical data, commercially sensitive information or trade secrets (e.g., pricing, customer lists, business, and/or marketing plans or analysis, license agreements proprietary computer information, or other information that will cause competitive

2

harm to the producing party); damages-related information (e.g., sale volumes, revenues, costs, and profitability), licenses and licensing documentation, business plans strategic plans; and settlement agreements or settlement communications, the disclosure of which to another party or non-party would create a substantial risk of serious harm ("Highly Confidential Information"), may be deemed HIGHLY CONFIDENTIAL—ATTORNEYS EYES ONLY by the producing party.

2. Any document containing "protected health information" and "individually identifiable health information" as such terms are defined and used by the Standards for Privacy of Individually Identifiable Health Information, promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the "Health Information Technology for Economic and Clinical Health Act" contained in the American Recovery and Reinvestment Act of 2009 (Title XII,, Subtitle D) (codified as 42 U.S.C. §§ 17921-17954) (the "HITECH Act") and related regulations promulgated by the Secretary of the U.S. Department of Health and Human Services ("HIPAA Regulations") shall be deemed to contain "Confidential Health Information." Confidential Health Information may be found in documents such as medical bills, claim forms, charge sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, spreadsheets encapsulating claims data, remittance advice forms, explanations of benefits, checks, notices, and requests as well as other documents and data sources.

3. Documents or discovery responses containing Confidential Information, Confidential Health Information, or Highly Confidential Information disclosed or produced by any party in this litigation are referred to as "Protected Documents."

4. Except as otherwise indicated below, all documents or discovery responses designated by the producing party as "Confidential" or "Highly Confidential" and which are disclosed or

produced to the attorneys for the other parties to this litigation are Protected Documents and are entitled to confidential treatment as described below.

5. Protected Documents shall not include (a) advertising materials and/or (b) materials that on their face show that they have been published to the general public.

6. If a party encounters a document that has been produced that the party reasonably believes contains Confidential Information, Confidential Health Information or Highly Confidential Information that has not been appropriately marked or otherwise designated as such, the party shall immediately notify the other party of such documents so that the producing party may mark and re-produce the documents with the appropriate confidentiality brand, which shall then be subject to protections stated in this Order.

7. At any time after the delivery of Protected Documents, counsel for the party or parties receiving the Protected Documents may challenge the Confidential or Highly Confidential designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Protected Documents. If the parties are unable to agree as to whether the confidential designation of discovery material is appropriate, the party or parties receiving the Protected Documents shall certify to the Court that the parties cannot reach an agreement as to the confidential nature of all or a portion of the Protected Documents. Thereafter, the party or parties disclosing or producing the Protected Documents shall have ten (10) days from the date of certification to file a motion for protective order with regard to any Protected Documents in dispute. The party or parties producing the Protected Documents shall have the burden of establishing that the disputed Protected Documents are entitled to confidential treatment. If the party or parties producing the Protected Documents do not timely file a motion for protective order, then the Protected Documents in dispute shall no longer be subject to confidential treatment as

provided in this Order. All Protected Documents are entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, a party fails to timely move for a protective order, or a contrary determination is made by the Court as to whether all or a portion of a Protected Document is entitled to confidential treatment.

8. Confidential Treatment. Protected Documents and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

9. Protected Documents containing Confidential Information or Confidential health Information, and any information contained therein, shall be disclosed only to the following persons ("Qualified Persons"):

    (a)    Counsel of record in this action for the party or party receiving Protected Documents or any information contained therein;

    (b)    Employees of such counsel (excluding experts and investigators) assigned to and necessary to assist such counsel in the preparation and trial of this action;

    (c)    Testifying and consulting experts of the parties who have signed the Acknowledgment attached hereto as <u>Exhibit A</u> certifying that they intend to be bound by the provisions of this Order;

    (d)    Any witness deposed in this matter,

    (e)    Any mediator in this matter; and

    (f)    the Court.

10. Protected Documents containing Highly Confidential Information shall be disclosed only to:

    (a)    Outside counsel of record in this action, as well as employees of said outside

        counsel of record to whom it is reasonably necessary to disclose the information for this litigation;

(b) designated in-house counsel to whom disclosure is necessary for this litigation and who agrees to be bound to the provisions of this Order;

(c) Experts to whom disclosure is reasonably necessary for this litigation who have signed the Acknowledgment attached hereto as <u>Exhibit A</u> certifying that they intend to be bound by the provisions of this Order;

(d) Any mediator in this matter; and

(e) the Court.

11. Protected Documents and any information contained therein shall be used solely for the purpose of this litigation, and shall not be disclosed by the non-producing party in connection with any other matter or proceeding.

12. Pursuant to 45 CFR §164.512(e)(1) and for purposes of compliance with HIPAA, the parties' legal Counsel in this matter, the employees and agents of each party, and all nonparty Covered Entities (as such term is defined in 45 CFR §160.103) are expressly and specifically authorized to use or disclose Confidential Health Information to Qualified Persons in accordance with this Order to:

(a) Respond to subpoenas, interrogatories, requests for admission, or requests for production of documents, including ESI, served in this case seeking Confidential Health Information;

(b) Request interviews or depositions and interview, depose, or respond in interviews or depositions in which Confidential Health Information might be disclosed;

(c) Prepare briefs and other materials for the Court; and

      (d)      Disclose Confidential Information to a party's consultants and experts.

13.      Pursuant to 45 CFR §164.512(e)(1) and for purposes of compliance with HIPAA, each deponent noticed for deposition in this case, including but not limited to a party, a fact witness, a records custodian, an expert, or a Covered Entity of any type, is expressly and specifically authorized to use or to disclose to the parties' legal counsel in this case and the employees of each party the Confidential Health Information that is responsive to deposition questions or a valid subpoena duces tecum.

14.      Counsel of record for the party or parties receiving Protected Documents may create an index of the Protected Documents and furnish it to attorneys of record representing or having represented parties involved in litigation involving the claims alleged in this suit against the party or parties disclosing or producing the Protected Documents. The index may only identify the document, date, author, and general subject matter of any Protected Document, but may not reveal the substance of any such document.  Counsel for the party or parties receiving Protected Documents shall maintain a current log of the names and addresses of persons to whom the index was furnished.

15.      The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

16.      To the extent that Protected Documents or information contained therein are used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the Protected Documents or information contained therein.

17.     Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all Confidential Information designated as such under this Order shall remain "confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

18.     Inadvertent or unintentional production of documents or information containing Confidential Information or Highly Confidential Information which are not designated "confidential" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

19.     The party or parties receiving Protected Documents shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Documents or any information contained therein.

20.     After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

21.     Upon termination of this action by dismissal, judgment, or settlement, counsel for the party or parties receiving Protected Documents shall return the Protected Documents to the counsel for the party or parties disclosing or producing the Protected Documents. The party or parties receiving the Protected Documents shall keep their attorney work product which refers or relates to any Protected Documents. Attorney work product may be used in subsequent litigation provided that such use does not disclose Protected Documents or any information contained therein.

22.     This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

23.     The Court anticipates and encourages the parties to file a motion to modify the terms hereof with respect to the sharing of Protected Documents with experts and consultants; shifting the cost burden of production equitably; and other terms that may be reasonably required to protect a party as provided in Rule 26 (b) or (c) of the Federal Rules of Civil Procedure.

**So Ordered this**
**Jul 9, 2019**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* Caleb Hernandez & Jason Whaley, Relators, et al. | § § § § | |
| *Plaintiffs,* | § § | |
| v. | § | |
| TEAM HEALTH HOLDINGS INC., TEAM FINANCE, L.L.C., TEAM HEALTH INC., & AMERITEAM SERVICES, L.L.C., | § § § § | Civil Action No. 2:16-CV-00432-JRG |
| *Defendants.* | § § § | |

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, have been provided a copy and read the Protective Order in the above-captioned proceeding and agree to be bound by its terms. I understand that I will be receiving non-public, confidential materials and information ("Confidential Information") protected pursuant to the terms of the Protective Order. I agree that I will not use or disclose any such Confidential Information except in strict compliance with the provisions of this Protective Order and I will take all reasonable precautions to prevent any unauthorized use or disclosure of any Confidential Information in my possession or control. At the final conclusion of the case or earlier if applicable under the terms of the Protective Order, I will return or destroy, as directed, any Confidential Information received and any notes or other documents reflecting such materials.

I state under penalty of perjury that the foregoing is true and correct.

_____

Name:

Company Name/Address/Phone:

_____

_____

_____

Date: _____