UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., ex rel. CALEB HERNANDEZ and JASON WHALEY, Relators<br><br>        *Plaintiffs*,<br><br>v.<br><br>TEAM HEALTH HOLDINGS INC., et al.<br><br>        *Defendants*. | No. 2:16-cv-00432-JRG |

**RELATORS' RESPONSE TO DEFENDANTS'
RENEWED MOTION TO TRANSFER VENUE**

# TABLE OF CONTENTS

I.     Introduction and Response to Defendants' Statement of the Issues ...........................1

II.    Statement of the Case ...........................................................................................2

III.   Legal Standard ....................................................................................................3

IV.    Argument ...........................................................................................................4

    A.     The Court Need Not Reconsider its Prior Order Denying TeamHealth's Prior
       Transfer Motion. ..........................................................................................4

    B.     Similarly, the Court Need Not Consider Transferring This Case to Colorado. ....6

    C.     The Public and Private Interest Factors Weigh Against Transfer. .......................7

       1.   On the Whole, the Private Interest Factors Still Weigh Against Transfer. .....8

          a.   Relative Ease of Access to Sources of Proof ...................................8

          b.   Availability of Compulsory Process ...............................................9

          c.   Cost of Attendance for Willing Witnesses .....................................10

          d.   All Other Practical Problems ......................................................12

       2.   The Public Factors Still Weigh Against Transfer on the Whole. ...............13

          a.   Administrative Difficulties Flowing from Court Congestion ...........13

          b.   Local Interest in Having Localised Interests Decided at Home .....14

          c.   Familiarity of the Forum with the Governing Law .........................14

          d.   Avoidance of Unnecessary Conflicts of Law ................................15

    V.     Conclusion and Prayer .........................................................................15

## TABLE OF AUTHORITIES

**CASES**

*Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*,
    358 F.3d 337 (5th Cir. 2004) ...................................................................4

*In re Triton Ltd. Sec. Litig.*,
    70 F. Supp. 2d 678 (E.D. Tex. 1999) ...................................................3, 7

*In re Volkswagen of Am., Inc.*,
    545 F.3d 304 (5th Cir. 2008) ..............................................................2, 7

*Realtime Adaptive Streaming LLC v. Amazon.com, Inc.*,
    6:17-CV-00549-JRG, 2018 WL 4444097 (E.D. Tex. Sept. 5, 2018) (Gilstrap, J.) ............3

*Visto Corp. v. Microsoft Corp.*,
    2:13-CV-00011-JRG, 2014 WL 459719 (E.D. Tex. Jan. 31, 2014) ........................3, 7, 13

*Wahlstrom v. B & A Carrier LLC*,
    2:18-CV-00313-JRG, 2019 WL 130296 (E.D. Tex. Jan. 8, 2019) ...................................4

*Watts v. 84 Lumber Co.*,
    14-CV-327-SMY-DGW, 2016 WL 379628 (S.D. Ill. Jan. 29, 2016) ...........................4, 7

**STATUTES AND RULES**

The False Claims Act, 31 U.S.C. §§ 3729 *et seq.*...........................................................2

Texas Medicaid Fraud Prevention Act, Tex. Hum. Res. Code §§ 36.002 *et seq.*...........................2

28 U.S.C. § 1404................................................................................................8

31 U.S.C. § 3732................................................................................................3, 8

## OTHER AUTHORITIES

The Court's August 20, 2019 Opinion and Order (Dkt. No. 81)................................................2, 3

The Court's August 21, 2019 Opinion and Order (Dkt. No. 82)......................................... *passim*

## TABLE OF EXHIBITS

Exhibit 1:    LinkedIn Profile—Alex Lawrence

## I.   INTRODUCTION AND RESPONSE TO DEFENDANTS' STATEMENT OF THE ISSUES

TeamHealth's[1] Renewed Motion to Transfer Venue (Dkt. No. 86) (the "Motion" or "Mot.") demonstrates that TeamHealth would rather be anywhere but here. The Court denied TeamHealth's prior motion to transfer this case to Tennessee (Dkt. No. 38) ("Prior Transfer Motion") and found this District to be a proper *and* convenient venue. However, after Relators filed their Second Amended Complaint (Dkt. No. 83) (the "SAC"), TeamHealth filed the present Motion asking again for a transfer to the Eastern District of Tennessee, Northern Division, or in the alternative the District of Colorado Mot. at 3.  However, nothing material to the venue-transfer analysis has changed since the Court denied TeamHealth's last motion. The Relators are the same, the nature of their claims is the same, and venue is still proper and convenient in this District.

Indeed, Relators' SAC adds no new allegations that would—for the first time—point to Tennessee as now "clearly more convenient." Order at 18. The same is true for Colorado, which is even further away from TeamHealth's Tennessee headquarters than Marshall. Relators' allegations regarding Colorado have not materially changed from their First Amended Complaint (Dkt. No. 33) ("FAC"). TeamHealth has at all times known that Relators lived and worked in Colorado and that their allegations are based on their experiences working at TeamHealth.  The SAC simply added more detailed factual allegations and specific examples of TeamHealth's fraudulent Schemes and named two additional TeamHealth entities as Defendants—neither of which of are located in Colorado.  TeamHealth had the opportunity to request a transfer to Colorado in its Prior Transfer Motion but did not.

---

[1] "Defendants" or "TeamHealth" refers collectively herein to named Defendants, Team Health Holdings Inc., Team Finance, L.L.C., Team Health Inc., Ameriteam Services, L.L.C, HCFS Health Care Financial Services, L.L.C., & Quantum Plus, L.L.C. (d/b/a TeamHealth West).

1

TeamHealth's new Motion has little to do with convenience: TeamHealth wants out of a District where transparent and complete discovery is expected and a swift pace is the norm—the very reasons Relators chose this District.[2] Relators' venue choice should not be lightly disturbed. Just like last time, TeamHealth's new Motion should be denied in full.

## II.     STATEMENT OF THE CASE

Relators brought this action against TeamHealth pursuant to the *qui tam* provisions of the Federal False Claims Act, 31 U.S.C. §§ 3729 *et seq.* ("FCA") and the state law analogues, such as the Texas Medicaid Fraud Prevention Act, Tex. Hum. Res. Code §§ 36.002 *et seq*. In response to Relators' FAC, TeamHealth filed (1) a motion to dismiss based on Rule 9(b) (Dkt. No. 37) and (2) its Prior Transfer Motion. The Court granted TeamHealth's motion to dismiss without prejudice and provided detailed guidance as to why the FAC did not satisfy the Rule 9(b) standard. Dkt. No. 81 ("Dismissal Opinion").

The Court denied TeamHealth's Prior Transfer Motion and held that "venue is proper in this district" and that "Defendants have failed to sufficiently move the scales in a manner adequate to show that the [Eastern District of Tennessee] is 'clearly more convenient.'" Dkt. No. 82 ("Order") at 9, 18. (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008)). Relators incorporate herein their previous pleadings, evidence, and arguments in response to the Prior Transfer Motion.

On September 19, 2019, Relators filed their SAC.  As in their FAC, Relators allege that TeamHealth violated the Federal False Claims Act and state-law counterparts by conducting and concealing two nationwide, multi-million-dollar schemes to fraudulently overcharge CMS for

---

[2] TeamHealth still has not complied with the Additional Disclosures requirement in the Court's Discovery Order. Dkt. No. 67 at ¶3.  After requesting two extensions of its deadline (*e.g.*, Dkt. No. 79), TeamHealth ultimately only produced 15 documents, most of which are duplicates. Relators will address this in separate filings if necessary.

emergency healthcare services. What is new about the SAC is that Relators followed this Court's guidance in the Dismissal Opinion by including specific examples and details of Teamhealth's fraudulent Schemes—the exact same Schemes alleged in the FAC—and added two TeamHealth entities as Defendants, consistent with the Court's prior Order.  Dkt. No. 82 at 19.

Nothing material to the transfer analysis has changed with the filing of the SAC. However, TeamHealth filed the present Motion seeking a convenience transfer to either the Eastern District of Tennessee or the District of Colorado. For the reasons herein, and because TeamHealth has again failed to show one of the transferee courts is "clearly more convenient," Relators respectfully submit that the Court should not change its conclusion that this case should stay here.

### III.    LEGAL STANDARD

"The existence of [venue choices] not only permits but indeed invites counsel in an adversary system, seeking to serve in his client's interests, to select the forum that he considers most receptive to his cause." *In re Triton Ltd. Sec. Litig.*, 70 F. Supp. 2d 678, 689 (E.D. Tex. 1999). "[I]n most cases the plaintiff's choice of forum 'should not be lightly disturbed.'" *Visto Corp. v. Microsoft Corp.*, 2006 WL 8441649, at *3 (E.D. Tex. Sept. 27, 2006).

An action under the FCA may be brought in "any judicial district in which … any one defendant can be found, resides, transacts business, or in which any act proscribed by section 3729 [of the FCA] occurred." 31 U.S.C. § 3732(a); Order at 5, 12. For convenience transfers, "[a] party seeking transfer under § 1404(a) must show that transfer is ***'clearly more convenient'*** than the venue chosen by the plaintiff." Order at 11; *Realtime Adaptive Streaming LLC v. Amazon.com, Inc.*, 6:17-CV-00549-JRG, 2018 WL 4444097, at *1 (E.D. Tex. Sept. 5, 2018) ("[T]he appropriate deference afforded to the plaintiff's choice is reflected by the defendant's elevated burden of proof.") (Gilstrap, J.).

3

"When deciding a motion to transfer under § 1404(a), the court may consider undisputed facts outside of the pleadings such as affidavits or declarations, but it must draw all reasonable inferences and resolve factual conflicts in favor of the non-moving party." *Wahlstrom v. B & A Carrier LLC*, 2:18-CV-00313-JRG, 2019 WL 130296, at *2 (E.D. Tex. Jan. 8, 2019) (Gilstrap, J.) (citations omitted). The court considers four "private interest" factors and four "public interest" factors, "none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004). Courts have also considered whether the movant's reasons for transfer have arisen recently, or whether such reasons were present from the beginning of the case. *See, e.g., Watts v. 84 Lumber Co.*, 14-CV-327-SMY-DGW, 2016 WL 379628, at *1 (S.D. Ill. Jan. 29, 2016). As in the prior transfer briefing, Relators address each of the private and public interest factors herein.

## IV.    ARGUMENT

TeamHealth's Motion is a waste of the Court's time and resources. The Court previously concluded that venue was both proper *and* convenient in this District. Order at 9, 18. Because nothing material to the transfer analysis has changed, the Court should not reconsider its prior Order. For the same reason, the Court should not consider transferring the case to Colorado. However, if this Court considers TeamHealth's Motion, the private and public interest factors still weigh against a convenience transfer to either proposed transferee venue.

### A.    The Court Need Not Reconsider its Prior Order Denying TeamHealth's Prior Transfer Motion.

In their SAC, Relators add no new allegations that now point to Tennessee as a more convenient forum. At most, the only new amendment relevant to Tennessee was the addition of HCFS Healthcare Financial Services, L.L.C. ("HCFS")—TeamHealth's billing operation—which is headquartered in Knoxville and has other locations around the country.  Even though HCFS was

4

not a named Defendant in the FAC, TeamHealth argued and presented evidence related to HCFS in support of its Prior Transfer Motion, and even brought "the Executive Vice-President of Revenue Cycle Operations at HCFS" to the transfer hearing to testify that coding and billing evidence and witnesses were located in Knoxville. *See id.* at 13-14.   The Court found TeamHealth's arguments and evidence did not "move the scales" on the transfer analysis. *Id.* at 18. However, the Court "granted leave to amend the complaint to add Health Care Financial Services, LLC as a co-defendant[.]" *Id.* at 19. Thus, the addition of HCFS should not change the transfer analysis.

Rather, contrary to TeamHealth's arguments, the new allegations in the SAC, on the whole, solidify that the Eastern District of Texas is the appropriate forum. Largely ignoring this Court's findings in its prior Order, TeamHealth argues that "not a single event has been identified as occurring in the Eastern District of Texas, nor is there any admissible evidence from the Eastern District of Texas." Mot. at 1. TeamHealth also argues that Relators have not alleged that "anything improper occurred in the Eastern District of Texas." Mot. at 2. These blind arguments do not square with the clear allegations in Relators' SAC.

As an initial matter, Realtors are not required to come forward with "evidence" in their complaint.  Nor should Relators be required to come forward with additional evidence now:  the Court already considered substantial evidence related to venue and, based on that evidence, found (1) the Eastern District of Texas is a proper venue and (2) transfer is unwarranted. Order at 9, 18. Bolstering this prior finding, Relators have now directly alleged that:

> TeamHealth has even carried out the Mid-Level Scheme right here in the Eastern District of Texas at Longview Regional Medical Center, and continues to carry out the Scheme today. … Under the direction of Longview Regional Medical Director, Dr. Gene Kelly, [TeamHealth mid-level] Alex Lawrence was required to send her patient charts to physicians on duty during her shift for signing—regardless of whether those physicians saw the patients. This was as recent as last year, in 2018.

5

SAC ¶93. These allegations identify TeamHealth's fraudulent conduct *in this District*. The Court need not reconsider its prior ruling denying Defendants' Prior Transfer Motion. However, should the Court again consider the Tennessee request, the applicable analysis still favors this District.

**B.      Similarly, the Court Need Not Consider Transferring This Case to Colorado.**

Just months ago, TeamHealth told the Court that "a ***great majority*** of the evidence…would either be located in or more easily accessible in Knoxville, Tennessee," and that any documents related to "[o]verall business decisions," such as the creation of policies on coding, "submissions to governmental and non-governmental payors, and [the] maintenance and management of medical records" are also located there. Prior Transfer Motion at 12-13; *see* Order at 13. Nonetheless, the Court concluded that the Eastern District of Tennessee was not "clearly more convenient" than this District. Order at 18. These facts have not changed, yet for the first time TeamHealth now seeks to transfer venue to a location even *further* away from Knoxville than Marshall is. But even if TeamHealth truly believed Colorado were a more convenient venue that this District, TeamHealth should have sought a transfer to Colorado in its Prior Transfer Motion.

Indeed, TeamHealth admitted it knew based on Relators' FAC and prior pleadings that Relators have lived and worked in Colorado and that knowledgeable witnesses would be in Colorado. Prior Transfer Motion at 13-14 ("it is assumed that knowledgeable witnesses will be from Colorado…."). Those knowledgeable witnesses are, for the most part, TeamHealth's own current and former employees and contractors, information about whom TeamHealth has at all times possessed.  TeamHealth even told this Court at the initial scheduling conference that, for discovery purposes, TeamHealth viewed this case as being limited in scope to the Colorado region. However, TeamHealth chose to sit on its hands and not seek a transfer to Colorado in its Prior Transfer Motion. TeamHealth cannot now genuinely argue that Colorado is "clearly more

convenient." *See, e.g., Watts* 2016 WL 379628 at \*1 (Denying convenience transfer in part because defendants' reasons for requesting transfer were present from the beginning of the case).

Relators' choice of forum is entitled to deference and should not be subjected to piecemeal motions to transfer on convenience grounds.  "The existence of [venue choices] not only permits but indeed invites counsel in an adversary system, seeking to serve in his client's interests, to select the forum that he considers most receptive to his cause." *In re Triton* , 70 F. Supp. 2d at 689. Here, Relators have chosen this District because of the Court's familiarity with *qui tam* cases, established procedures regarding thorough discovery, and efficiency in moving cases to trial. In all likelihood, these are the exact reasons TeamHealth wants *out* of this District. However, "in most cases the plaintiff's choice of forum 'should not be lightly disturbed.'" *Visto Corp.*, 2006 WL 8441649 at \*3. Thus, Relators respectfully submit the Court should reject out of hand TeamHealth's late request to transfer this case to Colorado. However, even if the Court considers TeamHealth's Motion, the public and private interest factors weigh against a convenience transfer.

### C.    The Public and Private Interest Factors Weigh Against Transfer.

Should the Court take up the substance of TeamHealth's request to transfer the case to Tennessee or Colorado, the transfer analysis still yields the same result as last time. TeamHealth must show that the transferee district is "***clearly more convenient***" than the Relators' chosen venue. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 n.10 (5th Cir. 2008)(emphasis added). For the second time, TeamHealth has not met its significant burden, as the weight of private and public interest factors still does not support a convenience transfer.

7

1.      **On the Whole, the Private Interest Factors Still Weigh Against Transfer.[3]**

      a.     *Relative Ease of Access to Sources of Proof*

"When considering the relative ease of access to sources of proof, a court looks to where documentary evidence, such as documents and physical evidence, are stored. For this factor to weigh in favor of transfer, Defendants must show that transfer to the [transferee court] will result in more convenient access to sources of proof." Order at 12 (internal citations omitted). Relators incorporate here their prior arguments and evidence regarding this factor. Dkt. No. 53 at 23-24.

TeamHealth argues that "[g]iven the details alleged in the SAC, there is no question evidence and witnesses would either be located in or more easily accessible in Colorado than the Eastern District of Texas." Mot. at 7. However, as TeamHealth told the Court in prior briefing, "a great majority of the evidence and witnesses would either be located in or more easily accessible in Knoxville, Tennessee." Prior Transfer Motion at 12. This hasn't changed, and TeamHealth cannot have it both ways.  Based on the arguments and evidence TeamHealth presented, the Court held in its prior Order that "this factor weighs slightly in favor of transfer" to <u>Knoxville</u>. Order at 14.  But, the Court ultimately rejected the transfer to Knoxville.  With respect to Colorado, TeamHealth cannot argue that this factor should be given more weight this time than it was given last time, as "a great majority of the evidence and witnesses" are *not* located Colorado.

Next, arguing that "effectively nothing will be found in the Eastern District of Texas, Defendants request this Court to simultaneously reconsider the weight it gave to this factor on the

---

[3] As an initial question to applying the provisions of § 1404(a), it must be determined whether suit could have originally been brought in the District of Colorado. 28 U.S.C. § 1404. TeamHealth argues in the affirmative because "both Relators reside in that District, nearly all of the alleged events that their personal knowledge giving rise to this action occurred there, and the overwhelming number of relevant witnesses and documents are located within that judicial district." Mot. at 6. However, an intelligent reading of the relevant venue statute (31 U.S.C. § 3732(a)) reveals that while suit could have originally been brought in the District of Colorado, it is *only* because Relators allege that TeamHealth carried out and covered up its national fraudulent schemes in Colorado, among other states and districts nationally. *See* SAC.

initial motion to transfer." Mot. at 7. However, Relators presented evidence and argument related to location of witnesses and documents at Longview Regional Hospital in Longview, Texas, in conjunction with the Prior Transfer Motion. *See e.g.*, Exhibits attached to Dkt. No. 53. Relators even demonstrated that TeamHealth executives—including John Stair, who attended the hearing on the Prior Transfer Motion—sit on the board and operate as executives of several Texas-based affiliates, such as ACS Physician Care Physicians–Southwest, P.A., the TeamHealth affiliate that staffs Longview Regional. *See e.g.*, Dkt. 53-9. And, Relators newly allege in their SAC factual details and identities of witnesses corroborating that TeamHealth carried out its fraudulent Schemes at Longview Regional. SAC ¶93. Thus, the SAC provides more detailed allegations of TeamHealth's presence in this District than the FAC did.   Relators also submit herewith a screenshot of Ms. Lawrence's LinkedIn page, showing that she worked as a nurse practitioner for TeamHealth at Longview Regional for over two years.  Exhibit 1.  If anything, Relators have now shown and alleged there is even more evidence here in this District than previously known.

While the Court found in its Order denying the Prior Transfer Motion that this factor should be given slight weight (Order at 14), it certainly should not be given more weight now.

### b.    *Availability of Compulsory Process*

"The second private interest factor instructs the Court to consider the availability of compulsory process to secure the attendance of witnesses, particularly non-party witnesses whose attendance may need to be secured by a court order." Order at 14. In its prior Order, the Court held, "this factor weighs against transfer" due to the operation of Rule 45 and the number of witnesses located in this District.  Order at 15. The Court should reach the same conclusion again.

Repeating its prior argument, TeamHealth claims this factor weighs in favor of transfer in part by referring to the location of Relators. Mot. at 8. However, this factor looks particularly at

non-party witnesses. Order at 14.  TeamHealth also argues "there are no truly identifiable, credible third-party witnesses in the Eastern District of Texas; a majority of the witnesses reside in the State of Colorado." Mot. at 14. This again flies in the face of Relators' prior pleadings, the clear allegations in Relators' SAC, *and* this Court's prior Order.  The Court has already explained:

> Relators, on the other hand, believe there are several witnesses in this district whose testimony could be compelled by this Court. (Dkt. No. 53 at 25.) These witnesses include the following 'emergency physicians: Terry Moslander, M.D., Jerry Jenkins, M.D., Carmen Gonzales, M.D., Gene Kelly, M.D., Ricky Swaim, M.D.; and mid-level providers: Alex Lawrence F.N.P.-C, Lorie Reeves, N.P., Kelly Hodge, N.P., and Judson Lawrence, M.S.N., R.N. F.N.P.'

Order at 15. As the Court noted, Relators previously identified <u>nine</u> witnesses in this district whose testimony could be compelled by this Court. *Id*. TeamHealth argues that Relators have not included any of these witnesses in their SAC, *see* Mot. at 8, but Relators are not required to as there is already evidence in the record of these witnesses and their location.  Even so, Relators' SAC adds new allegations revealing that two of these nine witnesses indeed participated in and have direct knowledge of TeamHealth's fraudulent Schemes. SAC ¶93.

TeamHealth next argues that "[s]ince Relators have <u>now</u> specified who are the knowledgeable witnesses, it is plain they will largely be from Colorado and Knoxville," as if TeamHealth did not know the whereabouts of potential witnesses based on the FAC and prior pleadings. Mot. at 8 (emphasis added). TeamHealth's argument is again undercut by its own words from its Prior Transfer Motion, wherein it admitted that it "assumed that knowledgeable witnesses will be from Colorado, New York, and Knoxville, Tennessee." Prior Transfer Motion at 13-14. As the Court previously found, "this factor weighs against transfer." Order at 15.

### c.   Cost of Attendance for Willing Witnesses

"The convenience of the witnesses is probably the single most important factor in a transfer analysis. When the distance between an existing venue for trial of a matter and a proposed venue

under §1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." Order at 15 (citations omitted). Relators re-urge their prior arguments that this factor does not favor transfer. Dkt. No. 53 at 25-28.

Demonstrating yet again its disregard of the record, TeamHealth argues that "if the case remains in the Eastern District, all but one of the witnesses will have to endure all of the costs associated with traveling to Texas." Mot. at 9. But as discussed above, Relators previously identified nine witnesses in this district (Dkt. No. 53 at 24)—two of which Relators now allege have direct knowledge of TeamHealth's fraudulent Schemes. SAC ¶93. And as the Court noted in its Order, Relators have identified numerous additional witnesses that, while not located in this District, are still much closer to Marshall than Tennessee:

> Relators provide that this District is more convenient for their witnesses: (1) Dr. Robert Frantz, who is located in Moore, Oklahoma and 'responsible for the operations of the emergency medicine and hospital medicine operations in the TeamHealth West Group;' (2) Dr. Matt Ledges who 'provided instructions and oversight to Relators in a TeamHealth-affiliated emergency department' in Denver, Colorado; (3) Dr. Alix Gilman, who served as a TeamHealth Regional Medical Director ('RMD') in Dallas, Texas from October 2013 to May 2014; (4) Dr. David Pelini, who served as a TeamHealth RMD in Houston, Texas from 2015 to 2017; (5) Dr. Joseph Kim, who served as a TeamHealth RMD in Dallas, Texas from 2015 to 2016; (6) Dr. Chris Lagan who served as a TeamHealth RMD in Houston, Texas from 2013 to 2015; (7) James Gulliver, who is based in Houston, Texas and responsible for recruiting emergency physicians in Longview, Texas, and (8) a host of other non-party witnesses located in various states that Relators contend are closer to this District than Tennessee. (Dkt. No. 53 at 26–27.)

Order at 16. With the exception of Matt Ledges, this District is still more convenient for *all* of these witnesses, who are located in and around Texas. Further, the SAC now also identifies Kim Diep-Do, a TeamHealth West employee located in Houston, Texas, who was intimately involved in the charting aspects of both Schemes. *See e.g.*, ¶¶12,120.  Both Knoxville and Colorado are hundreds of miles from this District. The inconvenience to the nearby witnesses identified by Relators "increases in direct relationship to the additional distance to be travelled." Order at 15.

Further, TeamHealth argues that "given the further detail provided in the SAC, it is clear that the overwhelming number of witnesses are either in Colorado or Knoxville, Tennessee, and therefore it cannot be a neutral factor." Mot. at 9. But, again, TeamHealth already made this argument in response to the FAC and prior pleadings. Prior Transfer Motion at 13-14.

Moreover, many of the Colorado witnesses at issue—including Matt Ledges—are current TeamHealth employees. TeamHealth has demonstrated it is willing to bring its employees to Marshall.  TeamHealth brought two of its employees to testify at the hearing on the Prior Transfer Motion and paid their way.  TeamHealth even brought Paula Dearolf to last hearing, and she works for HCFS, a company that was not a named Defendant at that time.  The Court heard testimony that TeamHealth's lawyers asked Ms. Dearolf and Mr. Stair to attend and that TeamHealth covered their costs. TeamHealth can do the same with any current employees in Colorado.

The Court previously found "this factor is neutral as both parties have identified several witnesses for whom the competing forums are respectively more convenient." Order at 16.  The same is still true, and thus, the Court's prior decision should not change based on this factor.

> d.      All Other Practical Problems

"Practical problems include those that are rationally based on judicial economy." Order at 17. "Other practical problems include the place of the alleged wrong, plaintiff's choice of forum, and the possibility of delay." Mot. at 10. TeamHealth again makes the tired argument that Relators "have clearly shown no bona fide connection to the Eastern District of Texas." Mot. at 10. For the reasons already stated, TeamHealth is wrong about this.

In addition, TeamHealth asks the Court to take up an issue it already decided against TeamHealth just months ago. Thus, TeamHealth's Motion causes unnecessary delay and works against judicial economy. "[I]n most cases the plaintiff's choice of forum 'should not be lightly

disturbed.'" *Visto Corp.*, 2006 WL 8441649 at *3. This District is Relators' choice of forum for the reasons stated above, and Relators want to stay here. Yet, TeamHealth seems to believe it can request a venue transfer over and over. TeamHealth lost its Tennessee bid once, but now re-urges it. TeamHeath could have requested a transfer to Colorado as alternative relief in its Prior Transfer Motion, but it failed to do so. If the Court were to transfer the case to now, it would encourage piecemeal motion practice on transfer issues, which would disrupt the Court's docket and schedule.

Further, while TeamHealth still has not complied with the Court's Additional Disclosures requirement (a subject for a later time), the fact is that discovery has commenced in this District. And, because the discovery procedures here are different from other districts (a primary reason Relators filed here), if this case were transferred, Relators would be forced back to square one in a new court that—unlike this one—is unfamiliar with the facts of the case.

For these reasons, this factor is no longer neutral as it was when the Court last considered it. Order at 17. Now, it weighs against transfer.

> ## 2. The Public Factors Still Weigh Against Transfer on the Whole.
>
> ### a. *Administrative Difficulties Flowing from Court Congestion*

"To the extent that court congestion is relevant, the speed with which a case can come to trial and be resolved may be a factor." Order at 17. As the Court previously found, "the median time to trial in this District is several months faster than other venues." Order at 18. Relators incorporate here their prior arguments that this factor does not favor transfer. Dkt. No. 53 at 29.

TeamHealth conveniently ignores this factor in its Motion, arguing that "the only relevant factor under this rubric is the local interest factor." Mot. at 11. The reason? The District of Colorado is even more congested than Tennessee, with over three times the case load.[4] In fact, as

---

[4] https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0630.2019.pdf (last visited November 11, 2019).

of June 2019, the average time from filing to trial in the District of Colorado is 30.3 months. *Id.* The Eastern District of Tennessee is now at 25.6 months. *Id.* This District is still the clear winner at 17.5 months. *Id.* Thus, as this Court previously found, "this factor weighs against transfer." *Id.*

        b.      *Local Interest in Having Localized Interests Decided at Home*

Relators previously argued "that this factor is neutral given that Relators' allegations are nationwide and not tied to any specific state." Order at 18; Dkt. No. 53 at 25-28. In its prior Order, the Court held that it "agrees with Relators and finds this factor neutral." Because there are now even more allegations in the SAC related to the nationwide scope of TeamHealth's Schemes, the Court's conclusion should not change. Further, the State of Texas—a named Plaintiff—has a vested interest in seeing this case decided here. Relators made this argument in their prior briefing, and it is now bolstered by Relators' new allegations in their SAC.  SAC ¶93. Unlike Texas and Tennessee, Colorado is not a named Plaintiff State. Thus, Colorado and its citizens do not have the same vested interest in having this case decided there. This factor weighs slightly against transfer, or at worst is still neutral. Thus, it should not change the Court's prior transfer decision.

        c.      *Familiarity of the Forum with the Governing Law*

As the Court previously found, "given the high volume of FCA cases filed in this District relative to Tennessee, the Court finds that this factor weighs slightly against transfer." Order at 18. The same is true with respect to the District of Colorado, which only presided over 63 *qui tam* case from 2008 to 2017, compared to 79 in this District.[5]

Further, this Court has been presiding over this case for years now. The parties and the Court have already been through one round of motions to dismiss and a second is currently

---

[5] *See* https://2cs3cx2yma518httli5u9nce-wpengine.netdna-ssl.com/wp-content/uploads/DOJ-qui-tams-by-district.pdf (last visited November 11, 2019).

pending. This Court has presided over two hearings, where the parties discussed the facts and the nature of the lawsuit. As such, this Court is not only familiar with the governing law and regulations, but also the factual allegations. Were this case to be transferred to Colorado or Tennessee, Relators would have to start over.  This factor still weighs against transfer.

### d.    *Avoidance of Unnecessary Conflicts of Law*

As the Court previously noted, "[t]he Court does not anticipate any conflicts of law issues that would favor or disfavor one district over the other. Accordingly, this factor is neutral." Order at 18. As nothing has changed since the Court's Order on TeamHealth's Prior Transfer Motion, the factor is still neutral.

In sum, the public and private interest factors as a whole still weigh against transfer.

## CONCLUSION AND PRAYER

The Court already determined—just months ago—that this District is both proper and convenient. Order at 9, 18. Since TeamHealth's Prior Transfer Motion and the filing of the SAC, nothing material to the transfer analysis has changed. TeamHealth's Motion wastes the Court's and the parties' time and resources by sounding the false alarm of inconvenience—for a second time—in a last-ditch effort to get out of the Eastern District of Texas, Relators' chosen forum. Relators respectfully submit that the Court should not reward such redundant and piecemeal motion practice.

The Court need not reconsider its prior Order denying TeamHealth's Prior Transfer Motion to Tennessee. Additionally, the Court need not consider transferring the case to Colorado. However, if the Court considers TeamHealth's Motion, the private and public interest factors weigh against transfer to either transferee venue. Thus, Relators respectfully request that the Court deny TeamHealth's Renewed Motion to Transfer Venue.

November 12, 2019                          Respectfully Submitted,

                                           /s/ Trey Duck

                                           Michael B. Angelovich, TX Bar No. 785666
                                           mangelovich@nixlaw.com
                                           Trey Duck, TX Bar No. 24077234
                                           tduck@nixlaw.com
                                           Bradley W. Beskin, TX Bar No. 24105463
                                           bbeskin@nixlaw.com

                                           NIX PATTERSON, LLP
                                           3600 N. Capital of Texas Hwy., Ste. 350B
                                           Austin, TX 78746
                                           Telephone: 512.328.5333
                                           Facsimile: 512.328.5335

                                           Ed Dougherty, MO#26862, Pro Hac Vice in Progress
                                           edougherty@dh-law.com

                                           DOUGHERTY & HOLLOWAY, LLC
                                           7200 NW 86th St., Suite D
                                           Kansas City, MO 64153
                                           Telephone: 816.891.9990
                                           Facsimile: 816.891.9905

## CERTIFICATE OF SERVICE

I hereby certify that I filed this *Relators' Response to Defendants' Renewed Motion to Transfer Venue* with the Clerk of the Court by means of the Court's ECF system, which served copies of the filing on at least the following attorneys:

Eric Hugh Findlay
Brian Craft
**Findlay Craft PC**
102 N College Avenue
Suite 900
Tyler, TX 75702
903/534-1100
Fax: 903/534-1137
efindlay@findlaycraft.com
bcraft@findlaycraft.com

George B. Breen
Christopher M. Farella
Erica F. Sibley
**Epstein Becker & Green, P.C.**
1227 25th St NW, Suite 700 Washington,
D.C. 20037
Tel: (202) 861-0900
Fax: (202) 861-3523
*gbreen@ebglaw.com cfarella@ebglaw.com*
*esibley@ebglaw.com*

*Counsel for Defendants*

James G. Gillingham
**United States Attorney's Office**
Eastern District of Texas
101 E. Park Blvd, Suite 500
Plano, TX  75074
james.gillingham@usdoj.gov

*Counsel for the United States*

I further certify that any counsel for the Named States not enrolled in the Court's EFC system will be promptly served with *Relators' Response to Defendants' Renewed Motion to Transfer Venue* in accordance with the Federal Rules of Civil Procedure.

*/s/ Trey Duck*