**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., ex rel. CALEB HERNANDEZ and JASON WHALEY, Relators<br><br>*Plaintiffs*,<br><br>v.<br><br>TEAM HEALTH HOLDINGS INC., et al.<br><br>*Defendants*. | CASE NO. 2:16-CV-00432-JRG |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ........ 1

**ARGUMENTS AND AUTHORITIES** ........ 2

**I. Relators Have Failed to Demonstrate a Triable Issue as to the "Mid-Level Scheme" Because Sub-Regulatory Guidance Cannot Form the Basis of an Alleged False Claim** ........ 2

**II. Relators Have Failed to Demonstrate a Triable Issue as to the "Critical Care Scheme" Because a Difference in Medical Judgment Cannot Support the Basis of an Alleged False Claim** ........ 5

**III. Relators Have Failed to Demonstrate a Triable Issue as to Scienter Under the Alleged Mid-Level Scheme or Critical Care Scheme** ........ 8

**IV. Relators Have Failed to Demonstrate a Triable Issue as to THHI, TF, THI, or AmeriTeams' Alleged Liability** ........ 11

**V. There Is No Triable Issue of Material Fact as to the Statute of Limitations** ........ 12

**CONCLUSION** ........ 14

# TABLE OF AUTHORITIES

**Cases**

*Azar v. Allina Health Services*,
139 S.Ct. 1804 (2019) .......... 2, 5
*Universal Health Servs., Inc. v. United States ex rel. Escobar*,
136 S.Ct. 1989 (2016) .......... 2
*Al-Dahir v. F.B.I.*,
454 F.App'x 238 (5th Cir. 2011) .......... 12
*Barnett v. DynCorp Int'l, L.L.C.*,
831 F.3d 296 (5th Cir. 2016) .......... 13
*D & S Marine Transp., L.L.C. v. S & K Marine, L.L.C.*,
No. CIV.A. 14-2048, 2015 WL 5838220 (E.D. La. Oct. 7, 2015) .......... 13
*Horn & Assocs., Inc. v. United States*,
123 Fed. Cl. 728 (2015) .......... 10
*In re BP p.l.c. Sec. Litig.*,
341 F.Supp.3d 698 (S.D. Tex. 2018) .......... 13
*In re Morgan Stanley Mortg. Pass–Through Certificates Litig.*,
23 F.Supp.3d 203 (S.D.N.Y. 2014) .......... 13
*Jacobsen v. Osborne*,
133 F.3d 315 (5th Cir. 1998) .......... 14
*Robinson*,
2015 WL 1479396 .......... 7
*Ruckh v. Salus Rehab., LLC*,
983 F.3d 1089 (11th Cir. 2020) .......... 9
*Salas v. Carpenter*,
980 F.2d 299 (5th Cir. 1992) .......... 8
*Unitech Energy Tools Ltd. v. Nabors Drilling Techs. USA, Inc.*,
No. CV H-18-0852, 2020 WL 4227467 (S.D. Tex. July 23, 2020) .......... 11
*United States ex rel. Alt v. Anesthesia Services Associates, PLLC*,
No. 3:16-cv-0549, 2019 WL 7372510 (M.D. Tenn. Dec. 31, 2019) .......... 4
*United States ex rel. Druding v. Care Alternatives*,
952 F.3d 89 (3d Cir. 2020) .......... 7
*United States ex rel. Farmer v. City of Houston*,
523 F.3d 333 (5th Cir. 2008) .......... 10
*United States ex rel. Fisher v. Ocwen Loan Servicing, LLC*,
No. 4:12-CV-461, 2016 WL 2997120 (E.D. Tex. May 24, 2016) .......... 11
*United States ex rel. Integra Med Analytics, L.L.C. v. Baylor Scott & White Health*,
816 F. App'x 892 (5th Cir. 2020) .......... 9
*United States ex rel. Johnson v. Kaner Med. Grp., P.A.*,
641 F.App'x 391 (5th Cir. 2016) .......... 9
*United States ex rel. Wall v. Vista Hospice Care, Inc.*,
No. 3:07-cv-00604-M, 2016 WL 3449833 (N.D. Tex. June 20, 2016) .......... 5, 6
*United States v. Mackby,*
261 F.3d 821 (9th Cir. 2001) .......... 9

*United States v. Paulus*,
894 F.3d 267 (6th Cir. 2018) ........ 8

*United States v. Robinson*,
No. 13-cv-27-GFVT, 2015 WL 1479396 (E.D. Ky. Mar. 31, 2015) ........ 4

*Universal Health Servs., Inc*.,
136 S.Ct. at 2003 ........ 8

*Waldmann v. Fulp,*
259 F.Supp.3d 579 (S.D. Tex. 2016) ........ 9

*Walker v. SBC Servs., Inc*.,
375 F. Supp. 2d 524 (N.D. Tex. 2005) ........ 8

*Winzer v. Kaufman County*,
916 F.3d 464 (5th Cir. 2019) ........ 14

**Other Authorities**

MCPM, Ch. 12, § 30.6.1(B) ........ 3

Defendants, Team Health Holdings, Inc. ("THHI"), Team Finance, L.L.C. ("TF"), Team Health, L.L.C. ("THI"), AmeriTeam Services, L.L.C. ("AmeriTeam"), HCFS Health Care Financial Services, L.L.C., ("HCFS") and Quantum Plus, L.L.C. ("Quantum") (collectively, "Team Health" or "Defendants"), by and through their undersigned counsel, hereby file this Reply Brief in Support of Motion for Summary Judgment, or Partial Summary Judgment in the Alternative, pursuant to Fed. R. Civ. P. 56 and Local Rule CV-56.

**PRELIMINARY STATEMENT**

Relators have not demonstrated the existence of genuine disputes of material fact that would justify a trial on the determinative issues. Accordingly, summary judgment in favor of Defendants should be ordered. Begging the question that their four attempts at composing a legally-viable complaint have failed, Relators now attempt to create the appearance of triable issues by raising for the first time in their Opposition to Defendants' Motion, entirely new (and unpersuasive) theories of liability.[1] They append 166 exhibits to their Opposition largely consisting of testimony, statements, and emails taken out of context, and in some cases, entirely misstated. (*See* Appendix A). Fourteen of the exhibits were not even cited in Relators' Opposition, (*see* Dkt. 190, Exs. 21, 28, 42, 53, 57-58, 65, 72, 82, 88, 103, 109, 130, 146), requiring the Court to "scour" through them in ruling on this Motion. *See* Local Rule CV-56(c). Nevertheless, even drawing all

---

[1] [REDACTED] When a party files an amended pleading, a court has discretion to treat a pending motion for summary judgment as if it were directed to the amended pleading and apply the arguments equally to the amended pleading "'if some of the defects raised in the original motion remain in the new pleading.'" *See Zavala v. Carrollton-Farmers Branch Indep. Sch. Dist.*, No. 3:16-CV-1034-D, 2017 WL 3279158, at *1, n. 1 (N.D. Tex. Aug. 2, 2017) (citations omitted); *see also Lofty, LLC v. McKelly Roofing, LLC*, No. 2:17-CF-159-D-BR, 2018 WL 6004307, at *1 (N.D. Tex. Nov. 7, 2018). Accordingly, this Court may properly consider and rule on arguments addressing allegations raised in both the Second Amended Complaint ("SAC") and Third Amended Complaint ("TAC"). Defendants reserve the right to address the new theories Relators allege in the TAC in a dispositive motion pursuant to Fed. R. Civ. P. 56 and Local Rule CV-56.

reasonable inferences in favor of Relators, their exaggerated "evidence" still fails to illustrate the existence of any fraudulent scheme.

There is no fraud here. At most, Relators raise technical questions about what constitutes appropriate documentation for split/shared and critical care services that were properly performed and created no injury – physical or financial. The False Claims Act ("FCA") is not meant to enforce what, at most, are insignificant or technical regulatory violations, such as documentation errors. *See Universal Health Servs., Inc. v. United States ex rel. Escobar*, 136 S.Ct. 1989, 2003 (2016) (the FCA "is not a means of imposing treble damages and other penalties for insignificant regulatory or contractual violations"). Relators, who bring their FCA case as assignees of the Government, cannot insist on perfection when the Government does not. Further, Relators fail to address Defendants' legal arguments regarding the improper bases of their allegations and the statute of limitations. Accordingly, Defendants are entitled to summary judgment.[2]

## ARGUMENTS AND AUTHORITIES

### I. Relators Have Failed to Demonstrate a Triable Issue as to the "Mid-Level Scheme" Because Sub-Regulatory Guidance Cannot Form the Basis of an Alleged False Claim.

Undercutting the foundation on which their experts' opinions rest, Relators attempt to sidestep *Azar v. Allina Health Services*, 139 S.Ct. 1804 (2019) by [redacted]

[redacted],

[2] [redacted] Thus, these causes of action are no longer at issue, and Defendants are entitled to summary judgment as to the same.

. Regardless of which sub-regulatory guidance Relators rely on, their claims fail under *Allina*.

Although now purporting to rely only on the MCPM, Relators' own expert, Kristen Folding, s, specifically stating:

The MCPM, on which Relators now claim their mid-level allegations are based, only speaks to the *performance* of a split/shared service for it to be covered and paid for under the physician's NPI: a physician must "***provide[] any face-to-face portion*** of the E/M encounter with the patient." *See* MCPM, Ch. 12, § 30.6.1(B) (emphasis added); *see also id.* at § 30.6.13(H) (defining a split/shared E/M visit "as a medically necessary encounter with a patient where the physician and a qualified NPP ***each personally perform*** a substantive portion of an E/M visit face-to-face with the same patient on the same date of service) (same). Neither provision makes any statement about how clinicians should ***document*** these services.

Ms. Folding



."

(*Id*. at p. 18) (emphasis added).

Thus, Relators' (Dkt. 190 at pp. 14-15) . But this sort of alleged sub-regulatory authority runs afoul of *Allina's* holding, so it cannot as a matter of law form the basis of an FCA cause of action.

Relators' reliance on *United States v. Robinson*, No. 13-cv-27-GFVT, 2015 WL 1479396 (E.D. Ky. Mar. 31, 2015) is inapposite. Not only did *Robinson* predate both *Allina* and the Department of Health & Human Services October 31, 2019 memorandum regarding the impact of *Allina* on Medicare Payment Rules (the "Cleary Memo")[3], . The other case Relators cite, *United States ex rel. Alt v. Anesthesia Services Associates, PLLC*, No. 3:16-cv-0549, 2019 WL 7372510 (M.D. Tenn. Dec. 31, 2019), ultimately declined to find that *Allina* supported the dismissal of the claims at issue ***at the pleading stage*** in part because neither party had actually briefed *Allina*'s applicability to the LCDs at issue. *Id*. at *15. By contrast, Defendants have addressed *Allina*'s



applicability to both the MAC sub-regulatory guidance and the MCPM at issue in depth for this Court. *See* Dkts. 165 at pp. 3-6, 172 at pp. 15-18. The MCPM, [REDACTED] (Dkt. 190 at p. 15) [REDACTED]. Accordingly, these facts remain undisputed, and summary judgment should be granted.

Further and most importantly, per the [REDACTED] *See* note 3, above. In pursuing the Government's claim on its behalf, Relators are bound by the same limitations that would apply if the Government were leading this case. Summary judgment is therefore warranted here as a matter of law.

**II. <u>Relators Have Failed to Demonstrate a Triable Issue as to the "Critical Care Scheme" Because a Difference in Medical Judgment Cannot Support the Basis of an Alleged False Claim</u>.**

Courts in the Fifth Circuit have held that an FCA claim predicated solely on questioning the exercise of a physician's subjective clinical judgment fails to establish falsity sufficient to survive summary judgment in the absence of an "objectively verifiable fact at odds with the exercise of that judgment." *United States ex rel. Wall v. Vista Hospice Care, Inc.*, No. 3:07-cv-00604-M, 2016 WL 3449833, *17 (N.D. Tex. June 20, 2016). [REDACTED]

(*See, e.g.*, Dkt. 190, Exs. 79, 79A, 80, 80A, 101, 102[4]).

Relators' criticism of Defendants' reliance on *Wall* is unfounded.[5] According to *Wall*, obtaining reimbursement under the Medicare Hospice Benefit ("MHB") required a hospice physician to certify that "***based on their clinical judgment***" the patient is "terminally ill" because "'the individual has a medical prognosis that his or her life expectancy is 6 months or less if the illness runs its normal course.'" *Wall*, 2016 WL 3449833, at *2 (emphasis added). To support falsity, the *Wall* relator introduced an expert report, in which relator's expert offered his "subjective clinical analysis" that at least some of the sample patients were ineligible for MHB. *Id*. at *5, 17-18. In granting the defendant's motion, the court held that because Medicare Program guidance required physicians to exercise their clinical judgment to make eligibility determinations and did not set forth objective criteria for that reason, the relator's expert's opinions alone did not create a triable issue of fact regarding the falsity of the physician certifications. *Id*. at *17-18. That reasoning is applicable here as well.





(Dkt. 172, Ex. K at ¶¶ 23, 32).

Not only is *Wall* analogous to the instant case, but Relators' reliance on the Kentucky case, *Robinson*, 2015 WL 1479396, is misguided. *Robinson* concerned one optometrist's services for long-term nursing home residents that were allegedly not reasonable and necessary or not actually provided, and its holding was based, in part, on the fact that the defendant had cited no authority to support his argument that expert opinion about medical necessity was insufficient to create a triable issue of fact. *Id*. at *1, 3, 6. In *Robinson*, other evidence beyond an expert's opinion about medical necessity—including testimony from corroborating witnesses about the reasoning behind the defendant's frequent examinations other than medical necessity—sufficiently contradicted the defendant's "assertion that his decisions to perform monthly examinations were always the result of his independent medical judgment and cannot be questioned" and created a triable issue. *Id*. at *7.

.

Relators' reliance on a Third Circuit case, *United States ex rel. Druding v. Care Alternatives*, 952 F.3d 89 (3d Cir. 2020), is similarly misguided. Although *Druding* rejected the district court's "bright-line rule that a doctor's clinical judgment cannot be 'false,'" the court agreed that a good faith medical judgment would not be fraud in the absence of other corroborating

evidence that the physician's judgment was not made in good faith. *Id*. at 98 (citing *United States v. Paulus*, 894 F.3d 267, 275 (6th Cir. 2018)). There is no such evidence alleged by Relators here and, accordingly,



, and Defendants are entitled to summary judgment.

## III. Relators Have Failed to Demonstrate a Triable Issue as to Scienter Under the Alleged Mid-Level Scheme or Critical Care Scheme.

Relators' . *See Appendix A; see also Walker v. SBC Servs., Inc.*, 375 F. Supp. 2d 524, 535 (N.D. Tex. 2005) ("Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence."); *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992) (explaining that conclusory assertions are not admissible as summary judgment evidence). Relators do not cite any evidence that:



FCA liability does not attach to technical regulatory violations, such as documentation errors. *See* Dkt. 172 at Secs. I.A and I.B; *see also Universal Health Servs., Inc.*, 136 S.Ct. at 2003.

---

[6] . This is not sufficient evidence of an alleged fraudulent scheme to survive summary judgment.

Relators' reliance on *Ruckh v. Salus Rehab., LLC*, 983 F.3d 1089 (11th Cir. 2020), to show otherwise is unpersuasive. Under the broad (and unprecedented) *Ruckh* standard, effectively, if a relator can present an expert—any expert—who is willing to opine that claims were improperly billed, the scienter standard is met, even if the errors were, in fact, merely "recordkeeping mistake[s]." *Id.* at 1105. This is not what was intended by *Escobar*, and it is not aligned with Fifth Circuit case law. *See United States ex rel. Johnson v. Kaner Med. Grp., P.A.*, 641 F.App'x 391, 394 (5th Cir. 2016) (affirming summary judgment in favor of a defendant when the defendant's completion of a Form 1500, which at most arose to negligence, formed the basis of the FCA action).

Relators' further reliance on several cases from outside of the Fifth Circuit to imply Defendants' scienter only demonstrates the broad gap between what Relators' would rely upon and the sort of evidence that other courts have held sufficient to create a genuine dispute of material fact. *See Waldmann v. Fulp,* 259 F.Supp.3d 579, 606 (S.D. Tex. 2016) (dispute created by eyewitness testimony of non-surgeons performing surgery, and that the responsible physician "tried to intimidate witnesses"); *Robinson*, 2015 WL 1479396 at *9 (testimony that a physician billed Medicare for more than 24 hours in a day); *United States v. Mackby,* 261 F.3d 821 (9th Cir. 2001) (evidence that clinic billed claims using NPI of unaffiliated clinician who never referred patients and was never involved in the care of such patients). No such evidence exists here.

At most, Relators' [redacted] *United States ex rel. Integra Med Analytics, L.L.C. v. Baylor Scott & White Health*, 816 F. App'x 892, 897, 898-99 (5th Cir. 2020). Such evidence is not enough to



state a claim under *Iqbal/Twombly* that Defendants were " *id*., and it is certainly not enough to survive summary judgment.

Further, any references to Defendants' .[7] Not only do Relators not allege such a reverse false claim cause of action pursuant to 31 U.S.C. 3729 (a)(1)(G) in their latest complaint, it is undisputed that Defendants .

Relators do not even allege any facts to show that Defendants acted with reckless disregard, the lowest intent standard under the FCA. *See Horn & Assocs., Inc. v. United States*, 123 Fed. Cl. 728, 763 (2015) (the reckless disregard standard is "designed to address the problem of the 'ostrich-like' refusal to learn of information which an individual, in the exercise of prudent judgment, had reason to know.") (citing S.Rep. No. 99–345, at 21 (1986), reprinted in 1986 U.S.C.C.A.N. 5266, 5286). Even Relators agree this is not the case here. *See*, *e.g.*, Dkt. 190, Exs. 76-78.

Dkt. 190 at p. 30. But not every case with a scienter element must go to a jury. *See, e.g., United States ex rel. Farmer v. City of Houston*, 523 F.3d 333, 340 (5th Cir. 2008) (granting summary judgment where defendants' knowledge of mistaken overcharges, the result of "technical" regulatory violations, could be determined by the district court). When, as here, there is no relevant evidence of probative force on scienter that could support FCA liability, summary judgment should be granted Ultimately, even taking all of

[7] Similarly irrelevant are Relators' claims that Defendants have asserted an advice of counsel defense. As the Court is well aware, the Special Master's review of documents at issue is still underway.

Relators' statements of alleged fact in the light most favorable to Relators, none of what Relators allege Defendants *knew* is indicative of actual fraud.

## IV. Relators [REDACTED]

The undisputed facts, as set forth in detail in Defendants' opening brief, [REDACTED] *See* Dkt. 172 at pp. 33-37. Relators' improper attempts to stretch corporate representative deposition testimony outside the scope of their Rule 30(b)(6) designation does not otherwise create a factual dispute that warrants proceeding to trial.

A corporate witness under Fed. R. Civ. P. 30(b)(6) can bind all defendant entities, *but only to the extent that witness was noticed to testify*. A witness may bind multiple defendants on certain topics while simultaneously not having any authorization to testify to the corporate structure or relationship between the entities. Relators improperly attempt to bind the Defendants with respect to their corporate structure based on testimony of individuals who were not designated to, or notified to, testify on that topic.

"[T]he designated corporate representative is not required to be prepared to answer questions outside the scope of the Rule 30(b)(6) notice," provided that the witness does not "use Rule 30(b)(6) as a shield if he or she in fact knows the answers to those questions." *Unitech Energy Tools Ltd. v. Nabors Drilling Techs. USA, Inc.*, No. CV H-18-0852, 2020 WL 4227467, at *3 (S.D. Tex. July 23, 2020) (quotation omitted). Testimony elicited from corporate representatives "exceeding the scope of the 30(b)(6) notice will not bind the corporation[s]." *See United States ex rel. Fisher v. Ocwen Loan Servicing, LLC*, No. 4:12-CV-461, 2016 WL 2997120, at *9 (E.D. Tex. May 24, 2016).

Relators cite corporate representative testimony of witnesses who were not noticed to explain the corporate structure and relationship between the entities in their depositions. Therefore, pursuant to Rule 30(b)(6), the testimony of these witnesses' cannot bind Defendants on the corporate structure and relationship between the entities in their depositions.

**V. <u>There Is No Triable Issue of Material Fact as to the Statute of Limitations.</u>**

Relators deride Defendants' statute of limitations arguments as being contradictory. But the arguments are raised in the alternative. If Relators' required written disclosure to the Government under 31 U.S.C. § 3730 *does not* qualify as putting the Government on notice within the meaning of 31 U.S.C. § 3731(b)(2) (and it should not be[8]), then the six-year statutory period of subsection 3731(b)(1) applies to all claims. On the other hand, if Relators' section 3730 written disclosure to the Government *does* trigger the extended period of subsection 3731(b)(2), then the SAC, bringing claims for the first time [REDACTED], was filed more than three years after the Government was on actual or constructive notice of the material facts, and no extended ten-year period can apply to the claims against these entities.

To the extent that Relators argue that the claims [REDACTED] relate back to the original pleading under Rule 15(c), this argument should be rejected. To begin with, Relators [REDACTED] *See* Dkt. 190 at p. 42. This is true. But it is Relators' burden, as plaintiffs in this action, "to demonstrate that an amended complaint relates back under Rule 15(c)." *See Al-Dahir v. F.B.I.*, 454 F.App'x 238, 242 (5th Cir. 2011). Relators have failed to put forth any evidentiary support that the SAC (or the now-filed TAC) relates back

---

[8] [REDACTED]

to the original pleading and should be considered timely filed within the three-year statute of limitations.

Second, as a legal matter, Relators do not provide support for their interpretation of Rule 15(c) and its applicability to the FCA's extended ten-year statutory period. Specifically, Relators do not identify a single example wherein an amended complaint under the FCA related back to the original pleading *and then the relator received the benefit of the 10-year extended period*. This is so because Rule 15(c) is explicitly limited to "*statute of limitations*"; the Rule has no bearing on a statute of repose, like the ten-year extended period here. Rule 15(c)(1)(A).[9]

"Unlike a statute of limitations, a statute of repose creates a substantive right to be free from liability after a legislatively determined period. A statute of repose, therefore, typically operates as a substantive definition of, rather than a procedural limitation on, rights." *Barnett v. DynCorp Int'l, L.L.C.*, 831 F.3d 296, 307 (5th Cir. 2016) (internal quotations omitted). "[T]he Federal Rules[ ] could not alter the limited nature of the substantive right created by a statute of repose because the statute authorizing the procedural rules subordinates them to substantive rights." *In re Morgan Stanley Mortg. Pass–Through Certificates Litig.*, 23 F.Supp.3d 203, 208 (S.D.N.Y. 2014).

Thus, a statute of repose, like the one in subsection 3731(b)(2), is a substantive right that cannot be overridden by a procedural court rule, such as Rule 15(c). *See, e.g., In re BP p.l.c. Sec. Litig.*, 341 F.Supp.3d 698, 704–05 (S.D. Tex. 2018) (holding that statute of repose cannot be tolled); *D & S Marine Transp., L.L.C. v. S & K Marine, L.L.C.*, No. CIV.A. 14-2048, 2015 WL 5838220, at *4 (E.D. La. Oct. 7, 2015) (relying on principle that "the Rules Enabling Act prohibited the application of Rule 15(c) to a claim that was barred by a statute of repose because



it would expand a substantive right"). Relators'

At a minimum though, even if this Court were to accept some of the Relators' arguments regarding relating back under Rule 15(c), the claims against [0] Yet both Relators had contracts with . It defies belief that Relators claim they were unaware of the entity *with whom they were in a contract*. The relation-back rule "is meant to allow an amendment changing the name of a party to relate back to the original complaint *only if* the change is the result of an error, such as a misnomer or misidentification." *Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir. 1998) (quotation omitted) (emphasis added); *see also Winzer v. Kaufman County*, 916 F.3d 464, 470-71 (5th Cir. 2019) (holding that under Rule 15(c), the "failure[] to identify [defendants] do[es] not relate back").

## CONCLUSION

Based on the foregoing, Defendants respectfully request the Court grant their Motion for Summary Judgment, or for Partial Summary Judgment of Claims in the Alternative, pursuant to Fed. R. Civ. P. 56 and Local Rule CV-56.

---

.

Dated: October 9, 2020

Respectfully submitted,

By: */s/Eric H. Findlay*

Eric H. Findlay
Roger Brian Craft
Findlay Craft, P.C.
102 N College Avenue
Suite 900
Tyler, TX 75702
Tel: (903) 534-1100
Fax: (903) 534-1137
efindlay@findlaycraft.com
bcraft@findlaycraft.com

George B. Breen
EPSTEIN BECKER & GREEN, P.C.
1227 25th Street, NW
Washington, DC 20037
Tel: (202) 861-1823
Fax: (202) 861-3523
GBreen@ebglaw.com

Christopher Farella
EPSTEIN BECKER & GREEN, P.C.
One Gateway Center
Newark, NJ 07102
Tel: (973) 639-8541
Fax: (973) 639-8739
cfarella@ebglaw.com

Thomas M. Melsheimer (*Lead Attorney*)
Michael Brett Johnson
Grant K. Schmidt
Winston & Strawn LLP
2121 N. Pearl Street
Suite 900
Dallas, TX 75201
214-453-6500
Fax: 214-453-6400
tmelsheimer@winston.com
mbjohnson@winston.com
gschmidt@winston.com

***Counsel for Defendants Team Health Holdings***

***Inc., Team Finance, L.L.C., Team Health Inc., AmeriTeam Services, L.L.C., HCFS Health Care Financial Services, L.L.C., and Quantum Plus, L.L.C.***

**CERTIFICATE OF SERVICE**

This is to certify that on October 9, 2020, all counsel of record were served with the foregoing document *via* electronic mail.

*/s/ Eric H. Findlay*
Eric H. Findlay

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I certify that the foregoing document is authorized to be filed under seal by the Unopposed Motion for Leave to Seal Documents, Dkt. 213.

*/s/ Eric H. Findlay*
Eric H. Findlay