IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., ex rel. CALEB HERNANDEZ and JASON WHALEY, Relators<br><br>*Plaintiffs*,<br><br>v.<br><br>TEAM HEALTH HOLDINGS INC., et al.<br><br>*Defendants*. | CASE NO. 2:16-CV-00432-JRG |

**DEFENDANTS' MOTION FOR PROTECTION REGARDING CONFIDENTIALITY DESIGNATIONS**

Defendants, Team Health Holdings, Inc., Team Finance, L.L.C, Team Health, L.L.C., AmeriTeam Services, L.L.C., HCFS Health Care Financial Services, L.L.C. and Quantum Plus, L.L.C. (collectively, "Team Health" or "Defendants") file this Motion for Protection Regarding Confidentiality Designations for the reasons set forth below.

**I.   INTRODUCTION AND BACKGROUND**

On September 17, 2020, Relators challenged Defendants' confidential designation of certain documents and deposition transcripts stating that these documents and transcripts did not contain confidential information and should not be designated "Confidential" under the Protective Order entered on July 10, 2019 by Your Honor. (Dkt. 69); *see* Exhibit A. After considering Relators' request, Defendants agreed to waive the confidentiality designation to a subset of the challenged documents.  *See* Exhibit B. However, Defendants maintained the confidential designation as to the protected documents and deposition transcripts at issue now.  The Parties met

and conferred on this issue on October 8, 2020 in a good faith attempt to reach agreement, but were unable to do so and are at an impasse.

Significantly, Relators' request is not simply that a handful of business documents, or a certain type of document, are not confidential. Relators—for unspecified purposes—are seeking to disclose publically over 500 pages of sensitive, proprietary, and confidential business documents, protected health information, as well as sensitive hospital information. Additionally, Relators seek Defendants' agreement to waive confidentiality on twelve of Defendants' witnesses' deposition testimony that discuss these confidential and proprietary documents. This would be in violation of the governing Protective Order and Federal Court Rules. *See* Protective Order (Dkt. 69), at ¶¶ 1 and 2 ("any document containing 'protected health information'" is deemed confidential under the Protective Order).

During the meet and confer on this issue Defendants inquired of Relators why they wanted the Confidentiality designation removed; if there were a particular set of confidential documents they wanted to share with someone not covered by the Protective Order; or if there were some legitimate basis for wanting to use the documents outside of this litigation. Relators had no specific or direct answer. Relators' only response was that they did not believe the material was Confidential, and that it was common practice for Relators' counsel to engage in this sort of challenge. Candidly, these vague explanations raise legitimate concerns that if these materials are deemed non-confidential, they may be used for some purpose wholly unrelated to this litigation or be disclosed publically in an attempt to embarrass or to paint Defendants in a negative light.

## II.   PROTECTED DOCUMENTS IN DISPUTE

Pursuant to paragraph 7 of the Court's Protective Order, and in response to Relators Certification of Disagreement Regarding Defendants' Confidentiality Designations, (Dkt. No.

220) Defendants submit this Motion for Protection Regarding Confidentiality Designations and move the Court to deny Relators' request to de-designate the confidential documents and deposition transcripts at issue. Defendants produced the protected documents in dispute subject to the agreed protections of the Protective Order in place.  These protected documents have been designated "Confidential."  Per the Protective Order, confidential information includes documents or information containing confidential proprietary and business information and/or trade secrets. *See* Protective Order at ¶¶ 1 and 2. The vast majority of the documents sought to be deemed non-confidential contain proprietary and/or sensitive business information as fully described in Exhibit D.[1] *See, e.g.*, Exhibit D, Document 20 (detailing several patient claims reviewed by Medicare Administrative Contractor CGS, including significant amounts of patient protected health information); Document 26 (Defendants' sensitive strategy and confidential discussions regarding proprietary coding policies). Defendants produced these documents with a reasonable expectation that they would be treated as confidential in nature because the information contained is proprietary in nature and could potentially be used by a competitor or other business to the detriment of Defendants.

Defendants' concern is not unfounded or imagined.  Exhibit C is a copy of a description or "page" on Team Health published on Wikipedia.

The Court will note, under History, there is an entry that reads as follows:

> In February 2020, the Chief United States District Judge of the United States District Court for the Eastern District of Texas, Rodney Gilstrap, ruled in a False Claims Act case against TeamHealth could proceed and denied TeamHealth's motion to dismiss. In his opinion Judge Gilstrap described "two schemes to defraud Medicare and several state Medicaid programs" that were intended to increase billing for patient care that did not take place:

---

[1] Exhibit D consists of a chart that includes a description of the confidential document, the identifying bates numbers, and the basis for confidentiality.

3

*See* https://en.wikipedia.org/w/index.php?title=TeamHealth&oldid=979843040.

Following those sentences there are direct quotes from Relators' Second Amended Complaint.[2] To the non-legal eye, the reader is left with the impression that the Court in denying Defendants' Motion to Dismiss Relators' Second Amended Complaint (Dkt. No. 104) and reached a final ruling or finding that the alleged "schemes" were in fact true simply because they were laid out in the Court's Order. This is additionally intimated to the lay reader by the statement that "Judge Gilstrap described 'two schemes to defraud Medicare…'"

A further perusal of the remainder of the "page" reveals numerous other entries that clearly intend to cast Team Health in a negative light. Should these documents and/or deposition testimonies be deemed non-confidential, Defendants are justifiably concerned some or all of them, no doubt taken out of context, would find their way to this Wikipedia page. That is not appropriate. Any party to a litigation in this District that has the obligation—and earnestly complies with that obligation—to produce thousands of internal records, emails, presents dozens of employees for deposition; all of which contain, discuss and testify about sensitive internal communications, practices, competitive strategies, training programs, and the like, should not have to be concerned that those materials will later be used outside of the litigation and for purposes intended to embarrass, harass or disadvantage them in the market place.

For the foregoing reasons and the basis included in <u>Exhibit D</u>, Defendants respectfully request that this Honorable Court enter a protective order to deem the documents at issue Confidential.

---

[2] Defendants do not know who made these entries—the process can be anonymously done—and Defendants are not alleging that Relators or anyone associated with Relators made the entries.

Dated: October 22, 2020

Respectfully submitted,

By:/s/Eric H. Findlay
Eric H. Findlay
Roger Brian Craft
Findlay Craft, P.C.
102 N College Avenue
Suite 900
Tyler, TX 75702
Tel: (903) 534-1100
Fax: (903) 534-1137
efindlay@findlaycraft.com
bcraft@findlaycraft.com

Thomas M. Melsheimer
Michael Brett Johnson
WINSTON & STRAWN LLP
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
Tel: (214) 453-6500
Fax: (214) 453-6400
tmelsheimer@winston.com
mbjohnson@winston.com

Paula Weems Hinton
WINSTON & STRAWN LLP
800 Capitol Street, 24th Floor
Houston, TX 77002
Tel: (713) 651-2600
Fax: (713) 651-2700
*phinton@winston.com*

George B. Breen
EPSTEIN BECKER & GREEN, P.C.
1227 25th Street, NW
Washington, DC 20037
Tel: (202) 861-1823
Fax: (202) 861-3523
GBreen@ebglaw.com

Christopher Farella
EPSTEIN BECKER & GREEN, P.C.
One Gateway Center
Newark, NJ 07102
Tel: (973) 639-8541
Fax: (973) 639-8739

cfarella@ebglaw.com

**Counsel for Defendants Team Health Holdings Inc., Team Finance, L.L.C., Team Health Inc., AmeriTeam Services, L.L.C., HCFS Health Care Financial Services, L.L.C., and Quantum Plus, L.L.C.**

## CERTIFICATE OF CONFERENCE

This is to certify that counsel for Defendants have complied with the meet and confer requirement in Local Rule CV-7(h). The personal conference required by Local Rule CV-7(h) and the Protective Order was conducted on October 8, 2020. Relators have indicated they are opposed to this motion.

*/s/ Eric H. Findlay*
Eric H. Findlay

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I certify that Defendants' Motion is authorized to be filed under seal by the Unopposed Motion for Leave to Seal, Dkt. No. 262, filed in this matter.

*/s/ Eric H. Findlay*
Eric H. Findlay

## CERTIFICATE OF SERVICE

This is to certify that on October 22, 2020, all counsel of record were served with the foregoing document *via* CM/ECF and electronic mail.

*/s/ Eric H. Findlay*
Eric H. Findlay