**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., ex rel. CALEB HERNANDEZ and JASON WHALEY, Relators | |
| *Plaintiffs*, | CASE NO. 2:16-CV-00432-JRG |
| v. | ████████████████ |
| TEAM HEALTH HOLDINGS INC., et al. | |
| *Defendants*. | |

**DEFENDANTS' SECOND MOTION FOR PROTECTION REGARDING**
**CONFIDENTIALITY DESIGNATIONS**

Defendants, Team Health Holdings, Inc., Team Finance, L.L.C., Team Health, L.L.C., AmeriTeam Services, L.L.C., HCFS Health Care Financial Services, L.L.C. and Quantum Plus, L.L.C. (collectively, "Team Health" or "Defendants") file this Second Motion for Protection Regarding Confidentiality Designations for the reasons set forth below.

**I.      INTRODUCTION AND BACKGROUND**

On November 2, 2020, Relators again challenged Defendants' confidential designation of certain documents stating that these documents did not contain confidential information and should not be designated "Confidential" under the Protective Order (Dkt. 69). *See* Exhibit A. This group of documents in Exhibit A consists of thousands of pages of confidential documents.   After considering Relators' request, Defendants agreed to waive the confidentiality designation to a subset of the challenged documents.   *See* Exhibit B.   However, Defendants maintained the confidential designation as to the protected documents at issue now.

Similar to their previous challenge, Relators are seeking to disclose publicly thousands of pages of sensitive, proprietary, and confidential business documents, protected health information, as well as sensitive hospital information. These documents are all protected by the Protective Order in this case and Federal Court Rules.  *See* Protective Order (Dkt. 69), at ¶¶ 1 and 2 ("any document containing 'protected health information'" is deemed confidential under the Protective Order).

With respect to reasons why Relators wanted the confidentiality designation removed from this second large group of documents, Relators indicated in their email correspondence that they intend to use the documents at trial and that there is a "strong presumption in favor of public access to judicial proceedings."  *See* <u>Exhibit A</u>.  As was the case last time around, Relators' vague explanations raise legitimate concerns that if these materials are deemed non-confidential, they may be used for some purpose wholly unrelated to this litigation or be disclosed publicly in an attempt to embarrass or to paint Defendants in a negative light.

## II.     PROTECTED DOCUMENTS IN DISPUTE

Pursuant to paragraph 7 of the Court's Protective Order, and in response to Relators' Certification of Disagreement Regarding Defendants' Confidentiality Designations, (Dkt. No. 220), Defendants submit this Second Motion for Protection Regarding Confidentiality Designations and move the Court to deny Relators' request to de-designate the confidential documents at issue. Defendants produced the protected documents in dispute subject to the agreed protections of the Protective Order in place.  These protected documents have been designated "Confidential."   Per the Protective Order, confidential information includes documents or information containing commercially sensitive, confidential, or proprietary business information and/or trade secrets.  *See* Dkt. No. 69 at ¶¶ 1 and 2.  Included in <u>Exhibit C</u> is a chart containing the documents sought to be deemed non-confidential with Bates number, description, and the basis

for the confidentiality designation. These documents, such as Defendants' proprietary policies and procedures regarding billing (TH-EDTX-00086627-28; TH-EDTX-00239853-61), and employee payment programs (TH-EDTX-00239929-32), contain proprietary and/or sensitive business information, and/or patient Protected Health Information. By way of example, Relators seek to remove confidentiality from over 5,000 pages of patient medical records (e.g., TH-EDTX-00239998-00248872). Additionally, certain documents are relevant only to the Medicaid Plaintiff States, which Relators have agreed to voluntarily dismiss (e.g., TH-EDTX-00086405-22, correspondence to Tennessee Medicaid regarding a 2010 voluntary refund). Defendants produced these documents with a reasonable expectation that they would be treated as confidential in nature because the information contained is proprietary in nature and not only could potentially be used by a competitor or other business to the detriment of Defendants, but likely would be so used if the information were to become public.

Additionally, and as explained in more detail in Defendants' (first) Motion for Protection, Dkt. No. 263, Defendants are concerned that if these documents are deemed non-confidential that they may be used inappropriately, such as on a Wikipedia page or another media outlet, and out of context, so as to intentionally cast Defendants in a negative light.  Any party to a litigation in this District that has the obligation—and earnestly complies with that obligation—to produce thousands of internal records, and emails, and presents dozens of employees for deposition; all of which contain, discuss and testify about sensitive internal communications, practices, competitive strategies, and training programs, should not have to be concerned that those materials will later be used outside of litigation and for purposes intended to embarrass, harass or disadvantage them in the market place.

3

For the foregoing reasons and the basis included in Exhibit C, Defendants respectfully request that this Honorable Court enter a protective order to maintain the documents at issue Confidential.

Dated: November 20, 2020                    Respectfully submitted,

                                            By:/s/Eric H. Findlay
                                            Eric H. Findlay
                                            Roger Brian Craft
                                            Findlay Craft, P.C.
                                            102 N College Avenue
                                            Suite 900
                                            Tyler, TX 75702
                                            Tel: (903) 534-1100
                                            Fax: (903) 534-1137
                                            efindlay@findlaycraft.com
                                            bcraft@findlaycraft.com

                                            Thomas M. Melsheimer
                                            Michael Brett Johnson
                                            WINSTON & STRAWN LLP
                                            2121 N. Pearl Street, Suite 900
                                            Dallas, TX 75201
                                            Tel: (214) 453-6500
                                            Fax: (214) 453-6400
                                            tmelsheimer@winston.com
                                            mbjohnson@winston.com

                                            Paula Weems Hinton
                                            WINSTON & STRAWN LLP
                                            800 Capitol Street, 24th Floor
                                            Houston, TX 77002
                                            Tel: (713) 651-2600
                                            Fax: (713) 651-2700
                                            phinton@winston.com

                                            George B. Breen
                                            EPSTEIN BECKER & GREEN, P.C.
                                            1227 25th Street, NW
                                            Washington, DC 20037
                                            Tel: (202) 861-1823
                                            Fax: (202) 861-3523
                                            GBreen@ebglaw.com

Christopher Farella
EPSTEIN BECKER & GREEN, P.C.
One Gateway Center
Newark, NJ 07102
Tel: (973) 639-8541
Fax: (973) 639-8739
cfarella@ebglaw.com

*Counsel for Defendants Team Health Holdings Inc., Team Finance, L.L.C., Team Health Inc., AmeriTeam Services, L.L.C., HCFS Health Care Financial Services, L.L.C., and Quantum Plus, L.L.C.*

## CERTIFICATE OF CONFERENCE

This is to certify that counsel for Defendants have complied with the meet and confer requirement in Local Rule CV-7(h).  The personal conference required by Local Rule CV-7(h) and the Protective Order was conducted on November 20, 2020. Relators have indicated they are opposed to this motion.

*/s/ Eric H. Findlay*
Eric H. Findlay

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I certify that Defendants' Motion is authorized to be filed under seal by the Unopposed Motion for Leave to Seal, Dkt. No. 326, filed in this matter.

*/s/ Eric H. Findlay*
Eric H. Findlay

## CERTIFICATE OF SERVICE

This is to certify that on November 20, 2020, all counsel of record were served with the

foregoing document *via* CM/ECF and electronic mail.

*/s/ Eric H. Findlay*
Eric H. Findlay