UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., ex rel. CALEB HERNANDEZ and JASON WHALEY, Relators<br><br>*Plaintiffs*,<br><br>v.<br><br>TEAM HEALTH HOLDINGS INC., et al.<br><br>*Defendants*. | CASE NO. 2:16-CV-00432-JRG |

**RELATORS' RESPONSE IN OPPOSITION TO DEFENDANTS'
SECOND MOTION FOR PROTECTION REGARDING CONFIDENTIALITY DESIGNATIONS**

# TABLE OF CONTENTS

**LEGAL STANDARD** ...................................................................................................................2

**ARGUMENT AND AUTHORITIES** ........................................................................................3

    I.    **Defendants Failed to Overcome the Strong Presumption in Favor of the Public's Common Law Right of Access to Court Records**..........................................................................................................3

    II.    **Defendants Also Failed to Show Good Cause to Maintain Their Frivolous Confidentiality Designations**...................................................................5

**CONCLUSION** .........................................................................................................................13

# TABLE OF AUTHORITIES

**CASES**

*Apple Inc. v. Samsung Elecs. Co.*,
   727 F.3d 1214 (Fed. Cir. 2013)..................................................................................2

*Blue Spike, LLC v. Audible Magic Corp.*
   2016 WL 9275966 (E.D. Tex. May 17, 2016).........................................................7, 8

*Brown & Williamson Tobacco Corp. v. F.T.C.*,
   710 F.2d 1165 (6th Cir. 1983) ...................................................................................5

*Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*,
   178 F.3d 943 (7th Cir 1999) .....................................................................................5

*Contratto v. Ethicon, Inc.*,
   227 F.R.D. 304 (N.D. Cal. 2005).............................................................................11

*Cook, Inc. v. Boston Scientific Corp.*,
   206 F.R.D. 244 (S.D. Ind. 2001)..............................................................................12

*Foltz v. State Farm Mut. Auto. Ins. Co.*,
   331 F.3d 1122 (9th Cir. 2003) ...................................................................................6

*Gelb v. Am. Tel. & Tel. Co.*,
   813 F. Supp. 1022, 1035 (S.D.N.Y.1993) ..................................................................6

*Globe Newspaper Co. v. Pokaski*,
   868 F.2d 497 (1st Cir. 1989)......................................................................................3

*Grundberg v. Upjohn Co.*,
   137 F.R.D. 372 (D. Utah 1991) .................................................................................6

*Gulf Oil Co. v. Bernard*,
   452 U.S. 89 (1981)....................................................................................................6

*In re Enron Corp. Sec., Derivative & ERISA Litig.*,
   2009 WL 3247432 (S.D. Tex. Sept. 29, 2009) .........................................................3

*Kaesemeyer v. Legend Mining USA Inc.*,
   2018 WL 4344584 (W.D. La. Sept. 11, 2018).........................................................12

*Monsanto Co. v. E.I. DuPont De Nemours & Co.*,
   2012 WL 5830580 (E.D. Mo. Nov. 16, 2012)...........................................................5

*Nix v. Sword*,
    11 F. App'x 498 (6th Cir. 2001) ............................................................................................ 11

*Parsons v. General Motors Corp.*,
    85 F.R.D. 724 (N.D. Ga. 1980) ........................................................................................... 6-7

*PPD Enterprises, LLC v. Stryker Corp.*,
    2017 WL 3264001 (S.D. Tex. June 13, 2017) ....................................................................... 8

*Press-Enterprise Co. v. Superior Court*,
    478 U.S. 1 (1986) ................................................................................................................... 3

*Procter & Gamble Co. v. Bankers Trust Co.*,
    78 F.3d 219 (6th Cir. 1996) .................................................................................................. 5

*Richmond Newspapers, Inc. v. Virginia*,
    448 U.S. 555 (1980) .............................................................................................................. 3

*Rivera v. NIBCO, Inc.*,
    384 F.3d 822 (9th Cir. 2004) ................................................................................................ 6

*Ruby Slipper Cafe, LLC v. Belou*,
    2020 WL 4897905 (E.D. La. Jan. 8, 2020) ........................................................................... 8

*Salomon Smith Barney, Inc. v. HBO & Co.*,
    2001 WL 225040 (S.D.N.Y. Mar. 7, 2001) .......................................................................... 6

*Su Min Kim v. Honda Canada, Inc.*,
    2020 WL 337966 (E.D. Tex. Jan. 21, 2020) ................................................................. 3, 5, 6

*Theriot v. Nw. Mut. Life Ins. Co.*,
    382 F. Supp. 3d 1255 (M.D. Ala. 2019) ............................................................................. 11

*Tinman v. Blue Cross & Blue Shield of Mich.*,
    176 F. Supp.2d 743 (E.D. Mich. 2001) .............................................................................. 12

*United Biologies, LLC v. Allergy & Asthma Network/Mothers of Asthmatics, Inc.*,
    2015 WL 12864258 (W.D. Tex. Oct. 19, 2015) ................................................................. 11

*United States v. Holy Land Found. for Relief & Dev.*,
    624 F.3d 685 (5th Cir. 2010) ............................................................................................ 2, 3

*U.S. v. Hooker Chems. & Plastic Corp.*,
    90 F.R.D. 421 (W.D.N.Y. 1981) ........................................................................................ 12

*Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*,
 913 F.3d 443 (5th Cir. 2019) ........................................................................................2

*Waterkeeper All., Inc. v. Alan & Kristin Hudson Farm,*
 278 F.R.D. 136 (D. Md. 2011)......................................................................................12

*Westmoreland v. CBS NEWS, Inc.*,
 752 F.2d 16 (2d Cir. 1984)..............................................................................................3

*Wauchop v. Domino's Pizza, Inc.*,
 138 F.R.D. 539 (N.D. Ind. 1991) ..................................................................................12

## **OTHER AUTHORITIES**

 8 C. Wright & A. Miller, Federal Practice and Procedure § 2035 ........................................6, 11

 Fed. R. Civ. P. 26(c) ................................................................................................2, 11, 13

Just as with their first Motion for Protection relating to their frivolous confidentiality designations (Dkt. No. 263; "First Motion"), Defendants'[1] barebones Motion again wholly fails to carry their burden to show why the Challenged Documents should remain shrouded in confidentiality. The Challenged Documents are all identified on Relators' trial exhibit list, and, at least 64 of the Challenged Documents have been part of the Court's record for months. Defendants should not be allowed to continue exploiting the Court's Protective Order (Dkt. No. 69; "PO") to conceal their fraudulent conduct from the public.

Defendants' Motion offers zero analysis on the contents of the Challenged Documents and wholly fails to explain Defendants' bases for stamping every page of each Challenged Document with "Confidential" designations. Defendants only offer speculative generalizations, which cannot carry their heavy burden to overcome the longstanding strong presumption in favor of public access to judicial proceedings. Defendants have even failed to show good cause to maintain their confidentiality designations. For the reasons stated herein and in Relators' Response to Defendants' First Motion (Dkt. No. 309; "First Response"), the Court should deny Defendants' Motion in full and shed light on Defendants' fraudulent conduct.[2]

---

[1] "Defendants" collectively means Team Health Holdings Inc., Team Finance, L.L.C., Team Health Inc., AmeriTeam Services, L.L.C., HCFS Health Care Financial Services, L.L.C., and Quantum Plus, L.L.C. "Motion" or "Mot." refers to Defendants' Second Motion for Protection Regarding Confidentiality Designations (Dkt. No. 327). "Challenged Documents" refers to the documents to which Relators challenge Defendants' "Confidential" designations. *See* Mot., Ex. C. All emphasis is added and internal citations and quotations are omitted herein unless otherwise noted.

[2] Defendants suggest that Relators intend to "remove confidentiality from over 5,000 pages of patient medical records." Mot. at 3. However, as Relators indicated in their initial correspondence to Defendants relating to the Challenged Documents, Relators do not challenge the confidential nature of any protected health information under HIPAA. *See* Mot., Ex. B at 3. Rather, Relators intend to properly redact such information contained in the Challenged Documents. Defendants know this, as the parties are working together to redact those documents. Defendants failed to carry their burden to show why the medical records are confidential beyond such records containing protected health information.

## **LEGAL STANDARD**

As indicated in the Court's Standing Order Regarding the Protection of Proprietary and/or Confidential Information: "The decision whether to allow public access to court records is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case. In exercising this discretion, the court must balance the public's common law right of access against the interests favoring nondisclosure. Undergirding balancing is a ***presumption in favor of the public's common law right of access to court records***. This presumption reflects the fact that [p]ublic confidence [in our judicial system] cannot long be maintained where important judicial decisions are made behind closed doors and then announced in conclusive terms to the public, with the record supporting the court's decision sealed from public view." *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 450 (5th Cir. 2019); *see also Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013) ("the party must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process."); *see also United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010) (there is a "***strong presumption that all trial proceedings should be subject to scrutiny by the public***.").

"Under Federal Rule of Civil Procedure 26(c), the Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. The burden is upon the party seeking the protective order to show the necessity of its issuance, which contemplates **<u>a particular and specific demonstration of fact</u>** as distinguished from stereotyped and conclusory statements. Therefore, a protective order is warranted in those instances in which the party seeking it demonstrates good cause and a specific need for protection."

2

*Su Min Kim v. Honda Canada, Inc.*, 2020 WL 337966, at *3 (E.D. Tex. Jan. 21, 2020) (Mazzant, J.). "[I]f good cause was not shown for the original protective order, the burden of showing good cause is on the party seeking continued confidentiality protection." *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 2009 WL 3247432, at *3 (S.D. Tex. Sept. 29, 2009).

## ARGUMENT AND AUTHORITIES

**I.     Defendants Failed to Overcome the Strong Presumption in Favor of the Public's Common Law Right of Access to Court Records**

The substantive portion of discovery has ended, the Court's limited reopening of discovery ends in less than a month, and trial is less than three months away. As Relators discussed in their First Response, Defendants cannot continue to rely on the Court's PO to shield the Challenged Documents (and Defendants' fraudulent conduct) from the public. There is a "strong presumption that all trial proceedings should be subject to scrutiny by the public." *Holy Land*, 624 F.3d at 690. This presumptive right of access has its foundation in constitutional principles. The Supreme Court recognizes that the First Amendment carries with it an implicit right of public access to certain government proceedings and records. *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980); *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 10-13 (1986). The right is also secured at common law. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) ("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents.").

The presumptive right of access extends to civil litigation, *see, e.g., Westmoreland v. CBS NEWS, Inc.*, 752 F.2d 16, 23 (2d Cir. 1984) ("the First Amendment does secure to the public and to the press a right of access to civil proceedings"), and to documents filed in civil proceedings. *See, e.g., Globe Newspaper Co. v. Pokaski*, 868 F.2d 497 (1st Cir. 1989) ("without access to documents the public often would not have a 'full understanding' of the proceeding and therefore

would not be in a position to serve as an effective check on the system."). Civil case files are presumptively open because the "public has a fundamental interest in understanding the disputes presented to and decided by the courts, so as to assure that they are run fairly and that judges act honestly." *Huddleson v. City of Pueblo, Colo.*, 270 F.R.D. 635, 636 (D. Colo. 2010).

Further, the Court's Standing Order Regarding the Protection of Proprietary and/or Confidential Information expressly requires any request to "protect certain information of a confidential and/or proprietary nature from public disclosure during a hearing or trial" to "demonstrate [] that the information sought to be protected is of such a sensitive nature that its disclosure creates a risk of harm that outweighs the ***strong presumption*** in favor of public access to judicial proceedings." However, Defendants' Motion makes no mention of (and fails to overcome) this strong presumption, as did their First Motion.

At least 64 of the Challenged Documents have become part of the Court's record in this case, as Relators relied on these documents in their Response to Defendants' Motion for Summary Judgment (Dkt. No 190). *See Rotger v. Montefiore Med. Ctr.*, 2018 WL 11214575, at *1 (S.D.N.Y. Mar. 30, 2018) ("a 'Confidential' designation made pursuant to a protective order does not by itself overcome the presumption of public access once the document containing the designation becomes a judicial document."). And now trial is less than three months away. Not only are the Challenged Documents part of the Court's record already, but they may be extensively used by Relators at trial. Defendants' burden to overcome the strong presumption in favor of public access to the Challenged Documents and to the trial proceedings in this matter could not be higher. Defendants have wholly failed to overcome this burden. The American public has a right to know that Defendants have fraudulently drained millions of taxpayer dollars from the Medicare system—a ***publicly funded*** system—since at least 2006. This is what the Challenged Documents

4

reveal—*not* any confidential proprietary and business information. If the Challenged Documents remain shrouded in Defendants' frivolous confidential designations, Defendants will continue operate their fraudulent schemes in the dark, and the public will be wrongfully deprived of access to these judicial proceedings.

As astutely recognized by Justice Brennan, "[i]n either the civil or the criminal courtroom, secrecy insulates the participants, mask[s] impropriety, obscure[s] incompetence, and conceal[s] corruption." *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983). A company's concealment of fraud or blatant misrepresentation of information is never entitled to protection. *Monsanto Co. v. E.I. DuPont De Nemours & Co.*, 2012 WL 5830580, at *7 (E.D. Mo. Nov. 16, 2012) (public was entitled to a full disclosure of the Defendants' fraud). Defendants cannot unilaterally decide what portions of the record shall be kept secret. *See, e.g., Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir 1999) (noting parties to litigation do not have "carte blanche to decide what portions of the record shall be kept secret"); *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 222 (6th Cir. 1996).

## II. Defendants Also Failed to Show Good Cause to Maintain Their Frivolous Confidentiality Designations

Although discovery had ended at the time Relators raised their disagreement with Defendants' confidential designations, Relators still followed the procedures set out in the Court's PO to challenge such designations. Not only have Defendants failed to overcome the strong presumption in favor of public access to judicial proceedings, but Defendants have also wholly failed to even show good cause demonstrating that their blanket confidentiality designations should remain in place. *See Su Min Kim*, 2020 WL 337966, at *3 ("a protective order is warranted in those instances in which the party seeking it demonstrates good cause and a specific need for

protection."). Nor have Defendants shown how publicly disclosing the Challenged Documents would cause them substantial harm or prejudice, as discussed below.

Defendants must show good cause to benefit from their confidentiality designations. To satisfy this burden, Defendants must first demonstrate the Challenged Documents fall into one of the discrete categories within the PO, and then demonstrate (by making a particularized and factual showing) Defendants will suffer some identified prejudice or harm if disclosure is made. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003); *Rivera v. NIBCO, Inc.,* 384 F.3d 822 (9th Cir. 2004); 8 C. Wright & A. Miller, Federal Practice and Procedure § 2035 (1970), cited with approval in *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101 n.16 (1981); *see Su Min Kim*, 2020 WL 337966, at *3 ("The burden is upon the party seeking the protective order 'to show the necessity of its issuance, which contemplates a ***particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements***.'").

The Court's PO defines "Confidential Information" as "[d]ocuments or information containing confidential proprietary and business information and/or trade secrets." PO at 2. "Confidential research, development or commercial information" is defined as "information that is maintained in secrecy from third parties and which a party in good faith believes would result in **substantial competitive harm** if publicly disclosed." *Grundberg v. Upjohn Co.*, 137 F.R.D. 372, 394 (D. Utah 1991). The fact that business documents are secret or that their disclosure might result in adverse publicity does not automatically warrant a protective order. *Gelb v. Am. Tel. & Tel. Co.*, 813 F. Supp. 1022, 1035 (S.D.N.Y.1993); *see also Salomon Smith Barney, Inc. v. HBO & Co.*, 2001 WL 225040 at *3 (S.D.N.Y. Mar. 7, 2001) ("Implicit in the notion of 'confidential business information' is something beyond the mere fact that the particular datum has not previously been made available to the public"); *Parsons v. General Motors Corp.*, 85 F.R.D. 724

(N.D. Ga. 1980) (holding that whether information was confidential depended on how many employees had knowledge of the information, how the secrecy of the information is maintained, how the information was controlled and/or reproduction and circulation limited, how old the information is, and whether the information was reported to the government).

Notably, just as in their First Motion, Defendants do not contend that any of the Challenged Documents contain trade secrets. Rather, Defendants assert that nearly **every page** of the Challenged Documents is confidential because such documents contain confidential commercially sensitive and/or proprietary business information. *See* Mot. at 2. But to support such assertions, Defendants' Motion merely lists "stereotyped and conclusory statements" next to each of the Challenged Documents on Exhibit C to its Motion (*e.g.*, "Sensitive and proprietary coding and documentation policy"; "Overall sensitive business information."). Defendants never identify or discuss the contents of the Challenged Documents or explain how or why the specific contents of such documents should remain locked behind confidential designations. Thus, Defendants' Motion falls miles short of the "particular and specific demonstration of fact" Defendants must show to carry their burden. Further, Defendants made no effort to meet and confer with Relators regarding the specific portions of the Challenged Documents that they contend are confidential before filing their Motion. Now Relators and the Court can only guess as to which portions of the Challenged Documents Defendants contend are confidential.

Although none of the Challenged Documents contain confidential information, "[e]ven if a party may legitimately claim confidentiality in some information contained in a court filing, that does not justify completely sealing that entry from public scrutiny." *Blue Spike, LLC v. Audible Magic Corp.*, No. 6:15-CV-584, 2016 WL 9275966, at *3 (E.D. Tex. May 17, 2016). Further, federal courts have "cautioned against excessive sealing practices—for example, of a party's legal

7

arguments—that 'bespeak[ ] an improper casual approach to confidentiality markings that ignores the requirements of public access, deprives the public of necessary information, and hampers [a] court's consideration and opinion writing.'" *Id.* at \*3 (citing *In re Violation of Rule 28(D)*, 635 F.3d 1352, 1360 (Fed. Cir. 2011)). Defendants here have casually marked as "Confidential" every page of the more than 380,000 pages they produced in this litigation. The Court should put an end to such exploitation of the Court's PO. There is no good faith basis supporting such frivolous designations. In fact, "Courts in this Circuit have held that wholesale confidentiality designation is evidence of bad faith that a party has abused the confidentiality designation." *Ruby Slipper Cafe, LLC v. Belou*, 2020 WL 4897905, at \*7 (E.D. La. Jan. 8, 2020). The Court in *PPD Enterprises, LLC v. Stryker Corp.*, 2017 WL 3264001, at \*1 (S.D. Tex. June 13, 2017) further explained:

> The compulsion to designate as confidential every document produced in discovery is not only misguided, but also misapprehends the role of courts in an open society. What happens in federal court is presumptively open to public scrutiny. Judges deliberate in private but issue public decisions after public arguments based on public records.

Below is an exemplary subset of the Challenged Documents showing that the Challenged Documents do not contain confidential information and that Defendants' conclusory and unsupported contentions to the contrary should be disregarded. Each of the Challenged Documents referenced in the chart below are also attached as exhibits hereto for the Court's review.

| Challenged Document | Defendants' Conclusory "Reason for Confidentiality" (*See* Mot., Ex. C) | Actual Contents of the Challenged Document |
|---|---|---|
| Exhibit 5 to Cortez Deposition (attached hereto as Ex. 1) | Proprietary and sensitive business operations information | ███████████ |

| Challenged Document | Defendants' Conclusory "Reason for Confidentiality" (*See* Mot., Ex. C) | Actual Contents of the Challenged Document |
|---|---|---|
| Exhibit 15 to Turner Deposition (attached hereto as Ex. 2) | Sensitive coding and documentation analyses and strategy Proprietary coding and documentation policies | ███████████ |
| Exhibit 17 to Turner Deposition (attached hereto as Ex. 3)³ | Sensitive coding and documentation analyses and strategy Proprietary coding and documentation policies | ███████████ |
| Exhibit 27 to Turner Deposition (attached hereto as Ex. 4) | Sensitive and proprietary coding and documentation policy Proprietary coding and documentation analyses and strategy Overall sensitive business information | ███████████ |
| Exhibit 28 to Turner Deposition (attached hereto as Ex. 5) | Proprietary coding and documentation analyses and strategy Contains patient Protected Health Information Overall sensitive business information | ███████████ |

---

³ ███████████ Defendants wholly fail to carry their burden, not only because of the conclusory and inaccurate entries contained within Exhibit C to their Motion, but also because Defendants have not shown that the Challenged Documents contain confidential information.

| Challenged Document | Defendants' Conclusory "Reason for Confidentiality" (*See* Mot., Ex. C) | Actual Contents of the Challenged Document |
|---|---|---|
| Exhibit 33 to Turner Deposition (attached hereto as Ex. 6)[4] | Proprietary coding and documentation analyses and strategy Coding and documentation policies and analyses Contains patient Protected Health Information | ███████████ |
| Exhibit 40 to Parra Deposition (Attached hereto as Ex. 7) | Proprietary coding and documentation analyses and strategy | ███████████ |
| Exhibit 62 to Dannemiller Deposition (Attached hereto as Ex. 8) | Proprietary and sensitive coding and documentation policies, training materials, and analyses | ███████████ |
| Exhibit 78 to Lempert Deposition (Excerpts attached hereto as Ex. 9) | Proprietary and sensitive coding and documentation analyses and strategy | ███████████ |
| Exhibit 79 to Lempert Deposition (Attached hereto as Ex. 10) | Proprietary and sensitive coding and documentation analyses and strategy | ███████████ |
| Exhibit 80 to Lempert Deposition (Attached hereto as Ex. 11) | Proprietary and sensitive coding and documentation analyses and strategy | ███████████ |

---

[4] ███████████

[5] Relators do not challenge the confidential nature of any protected health information under HIPAA. Rather, Relators intend to properly redact such information contained in the Challenged Documents.

| Challenged Document | Defendants' Conclusory "Reason for Confidentiality" (*See* Mot., Ex. C) | Actual Contents of the Challenged Document |
|---|---|---|
| Exhibit 112 to Do Deposition (Attached hereto as Ex. 12) | Proprietary and sensitive coding and documentation analyses and strategy | ▮ |
| TH-EDTX-00016341-42 (Attached hereto as Ex. 13) | Sensitive coding and documentation analyses and strategy Proprietary coding and documentation policies | ▮ |

Further, as the party seeking protection, Defendants must also demonstrate the disclosure of a particular document would cause significant harm to its competitive and financial position. *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 308 (N.D. Cal. 2005); *see also United Biologies, LLC v. Allergy & Asthma Network/Mothers of Asthmatics, Inc.*, 2015 WL 12864258, at *2 (W.D. Tex. Oct. 19, 2015) ("the party seeking to limit the disclosure must make *more than conclusory allegations* that *specific prejudice or harm will result* if no protective order is granted."); 8 C. Wright & A. Miller, Federal Practice and Procedure § 2035 (3d ed. 1999); *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001).

Here, Defendants strain to argue that  Mot. at 3. That is true of literally every piece of information publicly aired in Court. The public is entitled to know the truth, and if Defendants believe something is taken out of context, they can publicly address it like all other high-profile corporate citizens. Defendants are not entitled to special treatment. But right now this arugment is totally hypothetical. Such conjecture does not carry Defendants' burden and fails to establish that Defendants, "[in] good faith believe[]" that public disclosure of the

Challenged Documents "will result" in "specific prejudice or harm." *United Biologies*, 2015 WL 12864258, at *2. "Under Rule 26(c), a movant must make a particularized showing of 'good cause' and a specific demonstration of fact by affidavit or testimony of a witness with personal knowledge, of the specific harm that would result from disclosure or loss of confidentiality; generalities, conclusory statements, and unsupported contentions do not suffice." *Theriot v. Nw. Mut. Life Ins. Co.*, 382 F. Supp. 3d 1255, 1259 (M.D. Ala. 2019). Defendants cannot point to any specific harm that would result from the public disclosure of the Challenged Documents.

Defendants also argue that they "[REDACTED]" Mot. at 3. However, "the parties' joint Protective Order is not sufficient to trump the public's presumptive right of access." *Kaesemeyer v. Legend Mining USA Inc.*, 2018 WL 4344584, at *2 (W.D. La. Sept. 11, 2018) (citing *Ramirez v. General Motors Corporation*, 1999 WL 1336087, *2 (S.D. Tex. 1999)). Moreover, the fact that the information in the Challenged Documents "could ***potentially*** be used by a competitor or other business to the detriment of Defendants" is the type of conjecture that wholly fails to carry Defendants' burden. Defendants fail to offer "specific demonstrations of fact" or "concrete examples" that establish that Defendants have been the victim of such competition in the past. *See generally Waterkeeper All., Inc. v. Alan & Kristin Hudson Farm,* 278 F.R.D. 136, 143 (D. Md. 2011) ("Perdue has also failed to articulate what " 'very serious injury to its business'" ***will result*** from such poaching; rather, Perdue notes only that competitors ***might*** use such a list to poach employees from Perdue—and does not specify what negative impact that poaching may have on its business.").

Finally, Defendants express their concern that, if the Challenged Documents were made public, such disclosure would "███████████████████████████████████████████" yet Defendants never explain how or why. *See* Mot. at 3. Moreover, embarrassment alone, even if serious, does not justify the cloak of confidentiality. *U.S. v. Hooker Chems. & Plastic Corp.*, 90 F.R.D. 421, 426 (W.D.N.Y. 1981); *see also Cook, Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248 (S.D. Ind. 2001) (citing cases), *Tinman v. Blue Cross & Blue Shield of Mich.*, 176 F. Supp.2d 743, 746 fn. 4 (E.D. Mich. 2001) ("While Defendant might be embarrassed if competitors published BCBSM's "candid evaluations" of aspects of its business, mere embarrassment is not enough to satisfy the requirements of . . . FRCP 26(c)."); *Wauchop v. Domino's Pizza, Inc*., 138 F.R.D. 539, 545-546 (N.D. Ind. 1991) ("The general risk of public disclosure or collaborative sharing of information … does not constitute good cause for a protective order under Rule 26(c). … A claim … that public disclosure would be harmful to the defendant's reputation, is not sufficient.").

Defendants have failed to show good cause to maintain their frivolous confidentiality designations.

## CONCLUSION

For the reasons discussed herein and in their First Response, Relators respectfully request that the Court deny Defendants' Motion in full.

Dated: December 7, 2020                                 Respectfully submitted,

/s/ *Trey Duck*
Trey Duck, TX Bar No. 24077234
tduck@nixlaw.com
Michael Angelovich, TX Bar No. 785666
mangelovich@nixlaw.com
Bradley E. Beckworth, TX Bar No. 24001710
bbeckworth@nixlaw.com
Andrew G. Pate, TX Bar No. 24079111

13

dpate@nixlaw.com
Cody L. Hill, TX Bar No. 24095836
codyhill@nixlaw.com
Winn Cutler, TX Bar No. 24084364
winncutler@nixlaw.com
Ross Leonoudakis, TX Bar No. 24087915
rossl@nixlaw.com
Bradley W. Beskin, TX Bar No. 24105463
bbeskin@nixlaw.com
Nicholas W. Shodrok, TX Bar No. 24117050
nshodrok@nixlaw.com
**NIX, PATTERSON LLP**
3600 N. Capital of Texas Hwy.
Building B, Suite 350
Austin, TX 78746
Telephone: 512.328.5333
Facsimile: 512.328.5335

Karl Rupp, TX Bar No. 24035243
krupp@nixlaw.com
**NIX, PATTERSON LLP**
Advancial Building, Suite 1050
1845 Woodall Rodgers Freeway
Dallas, TX 75021
Telephone: 972.831.1188
Facsimile: 972.444.0716

**ATTORNEYS FOR RELATORS**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of December 2020, I filed the foregoing document with the Clerk of the Court by means of the Court's ECF system, which served copies of the filing on all counsel of record entered in the case.

*/s/ Trey Duck*
*Counsel for Relators*

15