IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, CALEB HERNANDEZ & JASON WHALEY, RELATORS, | § § § § § § § § § § § § § § § § § | |
| *Plaintiffs*, | | |
| v. | | CIVIL ACTION NO. 2:16-CV-00432-JRG |
| TEAM FINANCE, L.L.C., TEAM HEALTH, INC., TEAM HEALTH HOLDINGS, INC., AMERITEAM SERVICES, L.L.C., HCFS HEALTH CARE FINANCIAL SERVICES, L.L.C., QUANTUM PLUS, L.L.C., (D/B/A TEAMHEALTH WEST), | | |
| *Defendants*. | | |

## ORDER ON PRETRIAL MOTIONS AND MOTIONS *IN LIMINE*

The Court held Pretrial Conferences in the above-captioned matter on Thursday, January 14, 2021 (the "First Pretrial Conference"), and Monday, February 1, 2021 (the "Second Pretrial Conference"), regarding motions *in limine* ("MILs") and other pending pretrial motions filed by Relators Dr. Caleb Hernandez and Jason Whaley ("Relators") and Defendants Team Finance, L.L.C., Team Health, Inc., Team Health Holdings, Inc., AmeriTeam Services, L.L.C., HCFS Health Care Financial Services, L.L.C., and Quantum Plus, L.L.C. (collectively, "Team Health") (together with Relators, the "Parties"). (Dkt. Nos. 165, 166, 168, 172, 181, 196, 238, 240, 357, 364, 371). This Order memorializes the Court's rulings on the aforementioned MILs and motions as announced into the record, including additional instructions that were given to the Parties. While this Order summarizes the Court's rulings as announced into the record during the pretrial

hearings, this Order in no way limits or constrains such rulings from the bench and as reflected in the record. Accordingly, it is hereby **ORDERED** as follows:

## PRETRIAL MOTIONS

1. **Team Health's Motion to Dismiss Relators' Third Amended Complaint, or Alternatively, for a Continuance (Dkt. No. 181)**

This Motion was **DENIED** in all respects. (Dkt. No. 400 at 149:19–22). At the First Pretrial Conference, the Court heard argument from the Parties on the applicability of *Azar v. Allina Health Servs.*, 139 S. Ct. 1804 (2019). (*See generally* Dkt. No. 400). However, in the absence of direct guidance from the Fifth Circuit Court of Appeals or Supreme Court of the United States, the Court was not inclined to dismiss Relators' claims on that ground. (*Id*. at 149:4–19). Team Health represented that their request for a continuance was moot. (*Id*. at 37:23–38:1). The Parties rested on the papers as to remaining arguments on this Motion. (*Id*. at 37:20–22, 56:17–18).

2. **Team Health's Motion for Summary Judgment, or Partial Summary Judgment in the Alternative (Dkt. No. 172)**

This Motion was **DENIED** in all respects. (Dkt. No. 400 at 149:23–150:15). As to all issues briefed and/or argued, the Court found that there were genuine issues of material fact which preclude summary judgment. (*Id*.).

3. **Team Health's Motion to Exclude the Opinion Testimony of Relators' Designated Experts Kristen Folding and Bruce Wapen (Dkt. No. 165)**

This Motion was **DENIED**. (Dkt. No. 400 at 150:16–151:15). The Court noted that Team Health requested the exclusion of the totality of Ms. Folding and Dr. Wapen's opinions, rather than the exclusion of particular targeted sections. (*Id*. at 151:5–10). The Court was not persuaded

that the issues raised by Team Health justified the exclusion of the entire expert opinions. (*Id*. at 151:11–14).

4. **Team Health's Motion to Exclude the Opinion Testimony of Relators' Designated Statistical Expert Douglas Steinley (Dkt. No. 166)**

This Motion was **DENIED**. (Dkt. No. 400 at 150:16–151:15). The Court was not persuaded that the issues raised by Team Health justified the total exclusion of the experts. (*Id*. at 151:11–14). In this context, cross-examination is the rule and exclusion is the exception. Team Health's complaints are fairly addressed by the rule rather than the exception.

5. **Relators' Motion to Exclude the Testimony of Patrick P. Marion (Dkt. No. 168)**

This Motion was **DENIED-IN-PART** and **GRANTED-IN-PART**. (Dkt. No. 400 at 175:21–179:9). The Court excluded portions of Mr. Marion's report that were inflammatory, conclusions with respect to Team Health's mental state, or conclusions with respect to the existence of fraud. (*Id*. at 176:18–177:1, 177:24–178:24). The Court permitted Mr. Marion to discuss billing in the normal course of business and Team Health's billing in comparison to national practices. (*Id*. at 178:25–179:7).

6. **Team Health's Motion to Exclude and Strike Relators' Fact Witnesses Disclosed for the First Time After the Close of Discovery (Dkt. No. 196)**

This Motion was **GRANTED**. (Dkt. No. 400 at 232:20–233:19).

7. **Team Health's Motion for Leave to Take a Trial Deposition of Dr. John Turner (Dkt. No. 357)**

This Motion was **GRANTED**. (Dkt. No. 400 at 219:8–25).

**8.    Team Health's Motion to Compel (Dkt. No. 364)**

This Motion was **DENIED**. (Dkt. No. 417 at 8:21–9:20). Without reaching the issue of whether documents subject to the Motion to Compel were privileged, the Court found that such discovery was not relevant in light of the narrowing of issues and with trial imminent. (*Id*.).

## MOTIONS *IN LIMINE*

**1. Relators' Motions *in Limine* (Dkt. No. 238)**

- Relators' MIL No. 1: Evidence or argument that Team Health reasonably, or in good faith, believed its conduct and policies were lawful or that otherwise raises any inference of attorney involvement or advice.

This MIL was **WITHDRAWN**. Relators withdrew this MIL from consideration. (Dkt. No. 374; Dkt. No. 400 at 181:15–18).

- Relators' MIL No. 2: Evidence or argument concerning prior claims, causes of action, theories, or parties dismissed prior to trial.

This MIL was **GRANTED-AS-AGREED**. The Court granted this MIL to be mutually applied to both parties. (*Id*. at 181:19–25).

- Relators' MIL No. 3: Evidence or argument concerning the Government's investigative and intervention rights and decisions.

This MIL was **GRANTED**. The Court will instruct the jury as to the Relators' role on behalf of the Government and required leave before the Parties being permitted to discuss the topic before the jury. (*Id*. at 182:1–183:3).

- Relators' MIL No. 4: Prohibit Team Health and its counsel from advising the jury of the FCA's trebling and penalty provisions in any way.

This MIL was **GRANTED-AS-AGREED**. (*Id*. at 183:4–9).

- Relators' MIL No. 5: References to Relators' statutory right to share in any recovery, or instruct the jury on this legal fact and the policy behind it and prohibit cumulative evidence or argument on this point.

This MIL was **GRANTED**. The Court noted that it will instruct the jury on this topic and the Parties are required to seek leave before mentioning the topic. (*Id*. at 183:10–18).

- Relators' MIL No. 6: Evidence or argument concerning Relators' counsel, counsel fees and agreement, and statutory right to fees and costs.

This MIL was **GRANTED**. (*Id*. at 183:19–184:3).

**2. Team Health's Motions *in Limine* (Dkt. Nos. 240, 371)**

- Team Health's MIL No. 1: Any use of statistical sampling evidence to establish the number of allegedly false claims.

This MIL was **DENIED**. The Court noted that this MIL was duplicative of Team Health's *Daubert* Motion on the matter. (*Id*. at 184:15–19). *Limine* motions are not proper when they do nothing but re-raise arguments already addressed by the Court as a part of motion practice.

- Team Health's MIL No. 2: Any reference to average yearly Medicare fraud or total Medicare fraud during the damages period as evidence of reasonableness of any damages.

This MIL was **GRANTED**. The Court noted that it would not allow such evidence to come in during trial, consistent with its earlier rulings. (*Id*. at 184:20–185:15).

- Team Health's MIL No. 3: Reference to claims submitted by Defendants that have already been subjected to government audit.

This MIL was **WITHDRAWN**. Team Health withdrew this MIL from consideration. (*Id*. at 185:16–23).

- <u>Team Health's MIL No. 4</u>: Reference to failures to maintain records that were not in Defendants' possession in the ordinary course of business or not retained according to retention policies prior to unanticipated litigation.

    This MIL was **DENIED**. (*Id*. at 186:1–8).

- <u>Team Health's MIL No. 5</u>: Suggestion that the use of target goals for critical care billing, mere mistakes in billing, or a mere lack of sufficient documentation constitutes a violation of the FCA.

    This MIL was **WITHDRAWN**. Team Health withdrew this MIL from consideration. (Id. at 186:9–17).

- <u>Team Health's MIL No. 6</u>: Evidence or references to individual MAC guidance or other sub-regulatory guidance.

    This MIL was **DENIED**. (*Id*. at 186:21–24).

- <u>Team Health's MIL No. 7</u>: Any comparison of any other emergency department management company's split share and/or critical care billing or documentation policies.

    This MIL was **WITHDRAWN**. Team Health withdrew this MIL from consideration. (*Id*. at 186:25–187:3).

- <u>Team Health's MIL No. 8</u>: Any suggestion that a change in policy is an admission that prior practices/policies were insufficient.

    This MIL was **GRANTED**. The Court noted that this appeared to open the door to subsequent remedial measures as set forth within Fed. R. Evid. 407, and thus leave is required to go into such policy changes before the jury. (*Id*. at 187:5–14).

- <u>Team Health's MIL No. 9</u>: Any reference to CMS Manual System-Pub 100-08 Medicare Program Integrity Transmittal 455 Form.

    This MIL was **DENIED**. (*Id.* at 188:16–20).

- <u>Team Health's MIL No. 10</u>: Suggestions that Relators' damages should be based on recovering 100% of the amounts billed for split/shared services when otherwise Relators would have been billed and reimbursed at 85%.

    This MIL was **DENIED**. (*Id.* at 188:21–189:4).

- <u>Team Health's MIL No. 11</u>: Reference to facts outside the limitations period.

    This MIL was **DENIED**. (*Id.* at 189:5–11).

- <u>Team Health's MIL No. 12</u>: Reference to denials or audits related to non-government payors.

    This MIL was **GRANTED**. (*Id.* at 191:1–2). Team Health clarified that the MIL as submitted contained a typographical error. (*Id.* at 189:12–20). The Court noted that if there was a dispute as to redactions, such would be dealt with in the exhibit stage of pretrial. (*Id.* at 191:8–11).

- <u>Team Health's MIL No. 13</u>: The final slide of Dr. Elisa Dannemiller's PowerPoint presentation, including the image thereon and the tagline of the James Spader movie, as well as any reference to that tagline.

    This MIL was **DENIED**. Noting that the dispute appeared to be related to a demonstrative or exhibit, the Court did not grant this MIL. (*Id.* at 191:13–193:4).

- <u>Team Health's MIL No. 14</u>: Suggestions that Relators act on the behalf of the United States or any state.

    This MIL was **GRANTED**. (*Id.* at 193:5–13).

- <u>Team Health's MIL No. 15</u>: Suggestions that any of Team Health's "split flow/zone flow" is detrimental to patient care.

This MIL was **WITHDRAWN**. Team Health withdrew this MIL from consideration. (*Id*. at 193:14–17).

- <u>Team Health's MIL No. 16</u>: Reference to Medicaid claims.

This MIL was **GRANTED**. (*Id*. at 193:18–194:3).

- <u>Team Health's MIL No. 17</u>: Evidence regarding other litigation/government investigations involving any Defendants.

This MIL was **GRANTED-AS-MODIFIED**. The Court excluded such evidence from both parties. (*Id*. at 194:4–18).

- <u>Team Health's MIL No. 18</u>: Unfairly prejudicial and hyperbolic name calling of Team Health that amounts to improper character evidence.

This MIL was **GRANTED-AS-MODIFIED**. The Court made this MIL apply to all parties. (*Id*. at 194:19–195:10).

- <u>Team Health's MIL No. 19</u>: References to Defendants' and/or Blackstone's overall revenue, profit, size, net worth, stock price, profitability, economic status, success, growth, etc., and any mention of the comparative financial wealth of the parties.

This MIL was **GRANTED**. The Court noted that references to Team Health's business model and monetary values of the claims Team Health submitted to Medicare are not within the scope of the MIL. (*Id*. at 195:11–197:5).

- <u>Team Health's MIL No. 20</u>: Reference to religion, race, ethnicity, gender, sexual orientation, or political affiliations or activities of the parties or any witness.

This MIL was **GRANTED-AS-AGREED**. (*Id*. at 197:4–13).

- Team Health's MIL No. 21: Reference to a witness's personal financial information or specific salary.

This MIL was **GRANTED**. The Court noted that the Parties would be permitted to examine a witness's potential bias or interest, but not to discuss extraneous matters outside the context of this case. (*Id*. at 198:6–15).

- Team Health's MIL No. 22: Reference to discovery disputes between the parties in this case.

This MIL was **GRANTED**. (*Id*. at 198:16–199:4).

- Team Health's MIL No. 23: Preclude references to deficiencies in or criticisms of the United States' healthcare system or the "health care crisis."

This MIL was **DENIED-IN-PART** and **GRANTED-IN-PART**. The Court excluded extraneous and broad-brush criticism of the American healthcare system, but limited the MIL's scope such that incidental or indirect criticisms tied to the facts of this case were outside of the MIL's scope. (*Id*. at 201:11–15).

- Team Health's MIL No. 24: Reference to certain of Defendants' expert Dr. Charles Parekh's former clients and certain matters on which he has worked.

This MIL was **GRANTED**. (*Id*. at 208:25–209:1). The Court noted that the scope of the MIL did not exclude evidence for the purpose of impeachment. (*Id*. at 208:9–14).

## **EXHIBITS**

The Court ruled on the preadmission of exhibits as announced in the record. (*See* Dkt. No. 417). However, with respect to the following exhibits, the party seeking to use or publish these exhibits at trial must first seek leave of Court: PTX-42, PTX-276, PTX-275, PTX-275A, PTX-

279, PTX-285. (*Id*. at 38:3–13, 98:19–100:21, 108:18–109:4, 118:9–16). The Court also did not preadmit PTX-403, but will permit its use as a demonstrative. (*Id*. at 160:23–161:16).

**So ORDERED and SIGNED this 4th day of February, 2021.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE