UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., ex rel. CALEB HERNANDEZ and JASON WHALEY, Relators<br><br>*Plaintiffs*,<br><br>v.<br><br>TEAM HEALTH HOLDINGS INC., et al.,<br><br>*Defendants*. | CASE NO. 2:16-CV-00432-JRG |

### UNITED STATES' RESPONSE IN PARTIAL OPPOSITION TO LOREN ADLER'S MOTION TO UNSEAL

Now comes the United States of America, by and through undersigned counsel, and files this response in partial opposition to Loren Adler's Motion to Unseal Documents on Public Docket, Dkt. # 442. Although the United States does not take a position on Adler's request to unseal documents filed subsequent to its election to decline intervention, the United States opposes Adler's request to the extent he seeks to unseal any of the United States' pre-intervention pleadings.

On April 25, 2016, Relators Caleb Hernandez and Jason Whaley ("Relators") filed this case pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. §§ 3729 *et seq*. *See* Dkt. ## 1-2. On June 28, 2018, the United States filed its Notice of Election to Decline Intervention. On July 2, 2018, the Court entered an order unsealing the case and ordering Relators to serve the complaint on Defendants. Dkt. # 21. After years of litigation, the parties entered a settlement agreement on June 14, 2021 and the Court dismissed the case on June 25, 2021. *See* Dkt. # 439. Almost six months after dismissal, Loren Adler moved to intervene in

this case pursuant to Rule 24(b)(1) "for the limited purpose of seeking public access to records sealed in this matter." Dkt. # 440, p. 2. Adler also filed a motion unseal documents he contends were improperly sealed. See Dkt. # 442.

Adler is "a health care economist who focuses his work on health care pricing . . ." Dkt. # 440, p. 3. He believes the sealed documents on the docket would be informative to his work because they "likely reflect[] how medical providers, including private equity-owned companies like TeamHealth address billing in the Medicare and Medicaid programs," and because "the information would be instructive as to how providers bill for services generally." Id. at p. 4. Consistent with Adler's Motion to Intervene, his Motion to Unseal also focuses on TeamHealth's documents and pleadings filed following the United States' declination. By way of example, Adler describes the sealed documents as:

> heavily redacted briefs and hundreds of documents produced by Defendant TeamHealth and filed on the Court's docket, including a motion for summary judgment, a third amended complaint, motions for exclusion of experts, and a pretrial order containing the parties' trial arguments

Dkt. # 442, p. 2.

At no point in the Motion to Intervene or the Motion to Unseal does Adler appear to request that the Court unseal documents the United States filed under seal prior to electing to decline intervention. See Dkt. # 442, at p.3 n.2 (identifying 31 orders sealing documents, all of which occurred following the United States' declination).

Although the Motion to Intervene and the Motion to Unseal do not appear to seek unsealing of the United States' pre-intervention pleadings, Adler's proposed order is broad enough to incorporate those documents. See Dkt. # 442-2 ("For the reasons stated in the motion, the Court GRANTS Intervenor Loren Adler's Motion to Unseal and ORDERS that *all*

*documents filed under seal* in the above-captioned case be unsealed.") (emphasis added). Adler's proposed order, if granted, would unseal all sealed documents in this case, including the United States' pre-intervention pleadings.

Based on the apparent disconnect between the proposed order and Adler's motions, undersigned counsel contacted counsel for Adler. After conferring on the scope of the requested relief, Adler's counsel confirmed that "it is not [Adler's] intention to seek the unsealing of any investigatory materials the United States filed with the Court." Based on this representation from Adler's counsel, and the fact that the United States' pre-intervention filings discuss details of the Government's investigation under the False Claims Act, the United States respectfully requests the Court deny Adler's Motion to Unseal to the extent it could be construed to seek unsealing of the United States' pre-intervention pleadings, which were filed under seal and should remain sealed. The United States does not take a position regarding the remainder of Adler's Motion to Unseal.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General
Civil Division

BRIT FEATHERSTON
United States Attorney
Eastern District of Texas

  /s/ *James G. Gillingham*
JAMES GILLINGHAM
Assistant U.S. Attorney
Eastern District of Texas
Lead Attorney (per L.R. CV-11(a)(1))
110 N. College Street, Suite 700
Tyler, Texas 75702
E-mail: james.gillingham@usdoj.gov

Case 2:16-cv-00432-JRG   Document 448   Filed 12/21/21   Page 4 of 6 PageID #:  11949

        (903) 590-1400
        (903) 590-1436 (fax)
        Texas State Bar # 24065295

         */s/ Kelly A. Quinn*
        JAMIE ANN YAVELBERG
        ANDY J. MAO
        KELLY A. QUINN (admitted *pro hac vice*)
        Attorneys, Civil Division
        175 N Street NE, 9th Floor
        Washington, D.C. 20002
        E-mail: Kelly.A.Quinn@usdoj.gov
        (202) 616-5578
        (202) 307-3852 (fax)

        **ATTORNEYS FOR THE**
        **UNITED STATES OF AMERICA**

## CERTIFICATE OF CONFERENCE

      On December 16, 2021, counsel for the United States contacted counsel for Loren Adler to determine whether Adler is asking the Court to unseal the United States' pre-intervention pleadings, which were filed under seal.  On December 17, 2021, Craig Briskin, counsel for Adler, confirmed that Adler is not requesting that the Court unseal those documents.  Mr. Briskin explained, "[I]t is not [Adler's] intention to seek the unsealing of any investigatory materials that the United States filed with the Court."

                                                 */s/ James G. Gillingham*
                                                 JAMES G. GILLINGHAM

## **CERTIFICATE OF SERVICE**

     I hereby certify, on this 21st day of December 2021, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronically filing the same through the Court's electronic filing system.

                                                    */s/ James G. Gillingham*
                                                   JAMES G. GILLINGHAM