IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ET AL., EX REL. CALEB HERNANDEZ & JASON WHALEY, RELATORS<br><br>*Plaintiffs*,<br><br>v.<br><br>TEAM FINANCE, L.L.C., TEAM HEALTH, INC., TEAM HEALTH HOLDINGS, INC., AMERITEAM SERVICES, L.L.C., HCFS HEALTH CARE FINANCIAL SERVICES, L.L.C., QUANTUM PLUS, L.L.C., (D/B/A TEAMHEALTH WEST),<br><br>*Defendants*. | § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO.  2:16-CV-00432-JRG |

## ORDER

Before the Court is Loren Adler's ("Adler") Motion to Intervene by Loren Adler for the Limited Purpose of Challenging the Court's Sealing Orders (the "Motion to Intervene") (Dkt. No. 440) and Adler's Motion to Unseal Documents on Public Docket (the "Motion to Unseal") (Dkt. No. 442).  Having considered the motions, briefing, and relevant authorities, the Court is of the opinion that the Motion to Intervene should be and hereby is **DENIED** for the reasons set forth herein.  The Court finds that the Motion to Unseal should be and hereby is **DENIED AS MOOT**.

I.   **BACKGROUND**

On April 25, 2016, Relators Dr. Caleb Hernandez and Jason Whaley (together, "Relators" or "Plaintiffs") filed this case against Defendants Team Finance, L.L.C., Team Health, Inc., Team Health Holdings, Inc., Ameriteam Services, L.L.C., HCFS Health Care Financial Services,

L.L.C., and Quantum Plus, L.L.C. (collectively, "Team Health" or "Defendants") pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. §§ 3729 *et seq*. (Dkt. No. 2.) On June 28, 2018, the United States filed its Notice of Election to Decline Intervention. (Dkt. No. 20.) On July 2, 2018, the Court entered an order unsealing the case and ordering Relators to serve their complaint on Defendants. (Dkt. No. 21.) After lengthy litigation, and on the eve of trial, Relators and Defendants (the "Parties") filed a Joint Motion to Stay All Deadlines and Notice of Settlement. (Dkt. No. 423.) On June 25, 2021, the Court accepted and acknowledged the Parties' Stipulation of Dismissal and closed the case, noting that the Court retained jurisdiction for the purpose of enforcing the settlement agreement between the Parties. (Dkt. No. 439.)

On December 14, 2021, Adler moved to intervene "for the limited purpose of seeking public access to records sealed in this matter." (Dkt. No. 440 at 2; Dkt. No. 442.) Adler identifies himself as Associate Director of the USC-Brookings Schaeffer Initiative for Health Policy, where he "focus[es] on a range of topics related to health care economics and policy . . . ." (Dkt. No. 440 at 3; Dkt. No. 443-1 at ¶ 1.) Adler purports to "stud[y] and publish[] extensively on TeamHealth" and "believes that the information in this case would be highly informative to his work . . . ." (Dkt. No. 440 at 4.)

On December 17, 2021, the United States filed a Response in Partial Opposition stating that while it does not take a position on Adler's request to unseal documents filed subsequent to its election to decline intervention, the United States opposes Adler's request to the extent he seeks to unseal any of the United States' pre-intervention pleadings. (Dkt. No. 448 at 1.) Relators have not filed any response to Adler's Motion to Intervene or Motion to Unseal. Defendants oppose Adler's Motion to Intervene and Motion to Unseal. (Dkt. Nos. 449, 450.)

## II. LEGAL STANDARD

### A. Standing to Intervene

"[I]n the absence of a live controversy in a pending case, an intervenor would need standing to intervene." *Newby v. Enron Corp.*, 443 F.3d 416, 422 (5th Cir. 2006). "The desire to intervene to pursue the vacating of [a] protective order and/or the unsealing of the record is not a justiciable controversy or claim, absent some underlying right creating standing for the movants." *Deus v. Allstate Ins. Co.*, 15 F.3d 506, 525 (5th Cir. 1994). The issue of whether one has standing to intervene in a closed case is separate from whether one has standing to move to unseal.

### B. Permissive Intervention Under Rule 24(b)

Courts may permit intervention in a civil action on an applicant's timely motion if the applicant: "(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). As noted above, "[t]he desire to intervene to pursue the vacating of the protective order and/or the unsealing of the record is not a justiciable controversy or claim . . . ." *Deus*, 15 F.3d at 525. It is also not a "defense" under Rule 24(b)(1)(B). Accordingly, for a proposed intervenor to qualify under Rule 24(b)(1)(B) to intervene in a civil action, the intervenor must have some other claim or defense with a question of law or fact in common with the main action.

A threshold issue regarding an applicant's motion to intervene, whether as of right under Rule 24(a) or permissively under either prong of Rule 24(b), is that the application must be timely. *Nat'l Ass'n for Advancement of Colored People v. New York*, 413 U.S. 345, 365 (1973). Timeliness under the permissive intervention standard is evaluated more strictly than under mandatory intervention. *Stallworth v. Monsanto Co.*, 558 F.2d 257, 266 (5th Cir. 1977); *see also Rotstain v. Mendez*, 986 F.3d 931, 942 (5th Cir. 2021).

Further, "[p]ermissive intervention is 'wholly discretionary' and may be denied even when the requirements of Rule 24(b) are satisfied." *Turner v. Cincinnati Ins. Co.*, 9 F.4th 300, 317 (5th Cir. 2021) (quoting *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 471–72 (5th Cir. 1984)).

**III.    Discussion**

Defendants urge the Court to deny Adler's Motion to Intervene for numerous reasons, including: (i) Adler needed to—but did not—establish Article III standing to intervene in this closed case (Dkt. No. 450 at 7); (ii) Adler's motion was untimely (*id.* at 2–5); and (iii) that Adler does not satisfy the other requirements of Rule 24(b) to warrant intervention (*id.* at 10). The Court addresses these in turn.

**A.  Adler Lacks Standing to Intervene**

As to the threshold requirement of Article III standing, Defendants argue that Adler has not demonstrated that he has standing, which is a requirement to intervene in a closed case under Fifth Circuit precedent. (Dkt. No. 450 at 7 (citing *Allen-Pieroni v. White*, 694 F. App'x 339, 340 (5th Cir. 2017), *Newby*, 433 F.3d at 422, and *Deus*, 15 F.3d 525–26).)

Adler argues that he does not need to demonstrate standing to intervene for two reasons: (i) that the Court has not entered final judgment and so this is not a closed case (Dkt. No. 440 at 7); and (ii) that Article III standing should not be required to intervene for the purpose of unsealing records at any stage of a case. (*Id.*) Adler cites to the law of other circuits in which courts have granted motions to unseal after a case has ended. (*Id.* at 7–8.) Adler also argues that standing is unnecessary because document unsealing is collateral to the main action, and the Court has jurisdiction to decide collateral issues after a case has settled. (*Id.*; Dkt. No. 456 at 6.)

The Court agrees with Defendants that whether or not document unsealing is a collateral issue is not the relevant inquiry. (Dkt. No. 460 at 3, 6.) To resolve Adler's Motion to Intervene,

4

the issue for the Court to decide is whether Adler has, in the first place, Article III standing to intervene in a closed case. The Court finds that Adler must demonstrate that he has standing to intervene in this closed case. For the reasons set forth below, Adler has not done so, and intervention is not proper.

The Court dismissed this case with prejudice on June 25, 2021. (Dkt. No. 439.) A dismissal with prejudice is a final judgment on the merits and closes the case. *See Brooks v. Raymond Dugat Co.*, 336 F.3d 360, 362 (5th Cir. 2003) (*citing Schwarz v. Folloder*, 767 F.2d 125, 129–30 (5th Cir. 1985)). Adler filed his Motion to Intervene on December 14, 2021, nearly six months after this case had been closed. (Dkt. No. 440.) Thus, the "firmly established" rule in this circuit applies, in which "[i]n the absence of a live controversy in a pending case, an intervenor would need standing to intervene." *Newby*, 443 F.3d at 422; *Allen-Pieroni*, 694 F. App'x at 340.

For constitutional standing, a "plaintiff must have suffered an injury in fact" that is "fairly traceable to the challenged action" and that likely "will be redressed by a favorable decision." *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560–61 (1992); *United States v. Aldawsari*, 683 F.3d 660, 644 (5th Cir. 2012). Adler alleges he has demonstrated standing to intervene because "[h]e is being deprived of information that he is uniquely well-qualified to study and publicize in his academic work, and which information he can get nowhere else." (Dkt. No. 440 at 8.) Adler admits that he "has no pending or potential legal claims against TeamHealth. He only has a need for the documents, which he has no other way to obtain." (*Id.* at 9.) Adler's alleged injury, therefore, is that he cannot access the sealed documents in this case. (*Id.* at 11.)

However, like the intervenor in *Deus*, where "[t]he only purpose of the attempted intervention was to gain access to documents and testimony that are subject to the protective

5

order," Adler cannot demonstrate standing by his "general interest" in sealed information he merely believes would be highly informative to his research and likely to be of public interest. (*See id.* at 4; Dkt. No. 443-1 at ¶¶ 5–6; *see also* Dkt. No. 450 at 9.)  "The desire to intervene to pursue the vacating of the protective order and/or the unsealing of the record is not a justiciable controversy or claim, absent some underlying right creating standing for the movants." *Deus*, 15 F.3d at 525.  Adler's position thus falls squarely into the application of *Deus*, and the Court finds that he has not demonstrated standing to intervene.

Adler's lack of standing is reason enough to deny Adler's Motion to Intervene in this closed case.  However, in abundance of caution and for the sake of completeness, the Court considers the following remaining issues.

### B.  Adler's Motion to Intervene was Untimely

Rule 24(b) recites, in part:

> On *timely* motion, the court *may* permit anyone to intervene who:
>
> (A) is given a conditional right to intervene by a federal statute; or
>
> (B) has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. Civ. P. 24(b)(1) (emphases added).  Timeliness in the permissive intervention context is stricter than that of mandatory intervention, with four factors to be considered in evaluating timeliness: (1) the length of time the movant waited to file; (2) the prejudice to the existing parties from any delay; (3) the prejudice to the movant if the intervention is denied; and (4) any unusual circumstances.  *Stallworth*, 558 F.2d at 264–66.

Thus, another threshold issue is whether Adler's Motion to Intervene, filed nearly six months after the case was closed, was timely.  The Court finds that it was not.

Defendants argue that all four of the *Stallworth* factors weigh against timeliness and so Adler's Motion to Intervene should be denied as untimely.  (Dkt. No. 450 at 2–7.)

Adler does not address the *Stallworth* factors but instead argues that they "have no application here" because Adler seeks to intervene on the collateral issue of unsealing, citing the law of another circuit.  (Dkt. No. 456 at 2.)  Adler contends that a court may properly consider the unsealing of judicial records "at any time," again citing the law of other jurisdictions.  (*Id.* at 1; Dkt. No. 440 at 7–8.)  Adler relies on *Bradley ex rel. AJW v. Ackal*, 954 F.3d 216 (5th Cir. 2020) for the proposition that "a court can consider 'collateral issues,' including unsealing, after an action is no longer pending."  (Dkt. No. 456 at 1.)

In *Bradley*, the third party movants in the district court in that case sought intervention as a matter of right under Rule 24(a)(2), and filed their motion to intervene about four months after that case was dismissed without prejudice.  As Defendants point out, the Fifth Circuit's opinion in *Bradley* did not address timeliness in the context of permissive intervention, nor did it address intervention in general—the third party in that case had already been allowed to intervene and timeliness was not contested.  (Dkt. No. 460 at 3.)  *Bradley* does not stand for the proposition that a motion to intervene four months after dismissal is timely, especially in the context of permissive intervention.  Adler's reliance on *Bradley* is misplaced.

The applicable standard here is *Stallworth*.  Under the first *Stallworth* factor, the length of time during which Adler actually knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene was significant.  *Stallworth*, 558 F.2d at 264.  Defendants have persuasively shown that Adler "should have known of his interest in intervening from the time the protective order he objects to was entered 2.5 years ago (ECF 69) [July 10, 2019] or at least from the first time information he claims should be public was sealed

7

18 months ago (ECF 139) [June 10, 2020]." (Dkt. 450 at 3.) From Adler's self-professed interest in Team Health (Dkt. No. 440 at 3 ("Mr. Adler studies and publishes extensively on Team Health . . . .")), it is reasonable to infer that Adler knew or should have known of the publicly-accessible docket of this case at least since the July 2, 2018 Order unsealing this case. (Dkt. No. 21.) Defendants have further pointed to Adler's online activity revealing he was following Team Health and the litigation it was involved in since at least as early as December 9, 2019. Adler's unexplained delay of anywhere from 1.5 to 2.5 years (after when he should have known of his interest in the case until attempting to intervene) weighs strongly against timeliness. *See, e.g.*, *United States v. Covington Cnty. Sch. Dist.*, 499 F.3d 464, 465–66 (5th Cir. 2007) (finding 15 weeks to be untimely); *Engra, Inc. v. Gabel*, 958 F.2d 643, 645 (5th Cir. 1992) (finding 8 months to be untimely); *United States v. U.S. Steel Corp.*, 548 F.2d 1232, 1235 (5th Cir. 1977) (finding "almost a year" to be untimely); *see also Hill*, 2015 WL 11117873, at *3 (finding "several month delay" to be untimely).

    Under the second *Stallworth* factor, the prejudice to the existing parties, including Defendants, caused by Alder's delay also weighs against a finding of timeliness. Adler's failure to assert his purported rights to access sealed documents in a timely manner would force Defendants to relitigate issues that they justifiably thought were resolved, including Defendants' Motions for Protection Regarding Confidentiality Designations (Dkt. Nos. 263, 327), which were decided nearly a year prior to Adler's Motion to Intervene. *See Engra*, 958 F.2d at 645. Adler's broad request for all sealed documents in the case (*see* Dkt. No. 442 at 3, 15) also tips this factor toward a finding of untimeliness, as the breadth of the request risks "duplication, inefficiency, and increased costs." *Rotstain*, 986 F.3d at 938. Adler's arguments regarding prejudice to TeamHealth, relying on out-of-circuit authority (Dkt. No. 456 at 4), are unavailing.

8

Under the third *Stallworth* factor, the Court finds that Adler will suffer little, if any, prejudice if the Motion to Intervene is denied. Adler complains that he and the public will be prejudiced if they are denied access to the sealed records in this case because "how and how much TeamHealth bills the federal government is central to his research into health care pricing, and he cannot get the information from any other source." (Dkt. No. 456 at 5.) The Court appreciates the right of the public to access court records, but the decision to seal or unseal records is best left to the trial court "in light of the relevant facts and circumstances of the particular case." *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 450 (5th Cir. 2019). Adler's interests related to sealing and confidentiality were adequately represented earlier in this case by Relators, and to the extent Adler seeks only "general" information, that information could be sought elsewhere, without unsealing.

Under the fourth *Stallworth* factor, Adler has not made a convincing showing of any unusual circumstances that militate in favor of a determination of timeliness. Likewise, Defendants argue that this case is "arguably 'unusual' only in that it was a FCA case brought on behalf of the United States, which was also a party to the settlement and stipulated dismissal." (Dkt. No. 450 at 7.) The Court finds that there are no unusual circumstances militating for or against timeliness, and thus this factor is neutral.

Under the totality of the circumstances, and considering the four *Stallworth* factors discussed above, the Court finds that Adler's Motion to Intervene is untimely. *Jones v. Caddo Parish Sch. Bd.*, 735 F.2d 923, 927 (5th Cir.1984). Adler has failed to rebut Defendants' arguments that the *Stallworth* factors support a finding of untimeliness. He instead argues that *Stallworth* is inapplicable. However, *Stallworth* is the law in this circuit, and considering those factors analyzed above, the Court finds Adler's Motion to Intervene is untimely.

### C. Adler Does Not Meet Either Prong of Rule 24(b)(1) for Permissive Intervention

Adler has not argued that he has been "given a conditional right to intervene by a federal statute" under Rule 24(b)(1)(A). Instead, Adler argues that permissive intervention is proper because he "has a claim or defense that shares with the main action a common question of law or fact" under Rule 24(b)(1)(B). The Court finds, however, that Adler has not satisfied the "claim or defense" prong of the Rule.

Adler argues that he "shares a question of fact and law with Relators, who formally disputed TeamHealth's blanket confidentiality designations and objected to the prospect of having to seal exhibits used at trial." (Dkt. No. 440 at 6.) Adler contents that "[t]he fact that Mr. Adler seeks to unseal documents is all that is needed to satisfy the common question, or 'nexus' requirement." (*Id.* at 5.) Adler again cites out-of-circuit precedent to allege that there is no need for a "strong nexus" when seeking to intervene only for modifying a protective order. (*Id.*)

Defendants argue that "Adler has neither a claim nor defense, and his asserted 'interest' shares no common question of law or fact with the FCA allegations that were already litigated in this case." (Dkt. No. 450 at 10.) To the extent that Adler's asserted "interest" in unsealing documents is a claim against Defendants, Defendants argue that the issues related to sealing and confidentiality were resolved long ago. (*Id.*)

The Court finds that Adler has not alleged a "claim or defense that shares with the main action a common question of law or fact" under Rule 24(b)(1)(B). "The desire to intervene to pursue the vacating of the protective order and/or the unsealing of the record is not a justiciable controversy or claim . . . ." *Deus*, 15 F.3d at 525. Thus, Adler's request to unseal documents is not a "claim" under Rule 24(b)(1)(B). Adler has alleged no other "claim or defense" that provides a basis for permissive intervention under Rule 24(b). Whether or not Adler's alleged

10

"interest" shares a nexus with the main action a common question of law or fact is beside the point.

IV.     **Conclusion**

The Court finds that Adler has not established Article III standing to intervene in this closed case; that Adler's motion is untimely; and that Adler does not satisfy the requirements of Rule 24(b) to warrant permissive intervention.  Any of these independent grounds is alone sufficient to deny the relief which Adler seeks.

Based on the foregoing, the Court **DENIES** Adler's Motion to Intervene (Dkt. No. 440). Since Adler has not successfully intervened in this matter, the Court **DENIES AS MOOT** Adler's Motion to Unseal (Dkt. No. 442).

**So ORDERED and SIGNED this 28th day of September, 2022.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

11