UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ET AL., EX REL. CALEB HERNANDEZ & JASON WHALEY, RELATORS,<br><br>*Plaintiffs*,<br><br>v.<br><br>TEAM FINANCE, L.L.C., TEAM HEALTH, INC., TEAM HEALTH HOLDINGS, INC., AMERITEAM SERVICES, L.L.C., HCFS HEALTH CARE FINANCIAL SERVICES, L.L.C., QUANTUM PLUS, L.L.C., (D/B/A TEAMHEALTH WEST),<br><br>*Defendants*, | Case No. 2:16-CV-00432-JRG |

**SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO INTERVENE**

Pursuant to the Court's October 12, 2023 Order, Proposed Intervenor Loren Adler submits this supplemental brief to explain the effect of the Fifth Circuit's August 31st decision on this Court's analysis and decision regarding the motion to intervene. The Fifth Circuit expressly held that Adler "has satisfied standing and the requirements of Rule 24(b)(1)," which leaves only the question of timeliness. *United States ex rel Hernandez v. Team Fin., L.L.C.*, --- F.4th ---, No. 22-40707, 2023 WL 5618996, at *5 (5th Cir. Aug. 31, 2023).

1

Considering the Fifth Circuit's explanation of how to measure delay under the first *Stallworth* factor, as well as the attached Declaration that clarifies the underlying facts, Adler did not delay in intervening to unseal court records. This Court should also reconsider its analysis under the other *Stallworth* factors in light of the Fifth Circuit's analysis on the question of delay as well as its recognition that Adler is representing the public's interest in access to court records. All four factors weigh heavily in favor of permitting intervention.

**The first *Stallworth* factor**—the length of time the movant waited to file—weighs in Adler's favor because (1) it was not apparent that Adler's interest in access to the court record would go unprotected until the Court left the sealing orders in place after the case settled and (2) Adler did not even know about the sealed records in this case until October 8, 2021—approximately two months before the motions to intervene and unseal were filed.

First, Adler did not delay in intervening; he intervened promptly after realizing his interests would not otherwise be protected. The Fifth Circuit held that this Court erroneously measured Adler's delay from the time the documents were sealed or when Adler may have known about the case, instead of when he knew his interests would no longer be protected. *See id.* Applying this standard, the Fifth Circuit contrasted the 1.5 years since the sealing orders were entered with the proper measurement: "the months implicated by the settlement of the case or the time it

2

took for Adler to realize that the documents would not be unsealed after the case's close." *Id.*

Under the Fifth Circuit's explanation of this first *Stallworth* factor, Adler did not delay in intervening because it was not apparent that the parties would be "complacent or non-adversarial" as to the sealing of court records until they finally reached a settlement, nor was it apparent that this Court itself would not independently protect the public's right of access until the case settled and this Court did not take any further action on the issue of sealing. *See id.*

In the context of seeking access to court records, it is reasonable for a potential intervenor to rely on the court—not just one of the litigants—to protect the public's right of access. Indeed, the Fifth Circuit has held that "[w]hen it comes to protecting the right of access, the judge is the public interest's principal champion. And when the parties are mutually interested in secrecy, the judge is its only champion." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 421 (5th Cir. 2021). Moreover, courts routinely exercise their independent duty to protect the public's right of access after a case settles, either because there are no longer concerns about prejudicing a jury prior to trial or because, as a practical matter, documents were (improperly) provisionally sealed pursuant to a protective order so as not to delay ongoing litigation.

Thus, it was not until months after the settlement—when it was apparent that this Court was not going to further interrogate the sealing of the court records—that Adler knew his interests were not otherwise protected. Considering that it takes time to secure counsel and for counsel to prepare filings, there was no meaningful delay from the time Adler knew his interests in access to the court records would not be protected and when he moved to intervene for the limited purpose of unsealing court records. And even if this Court decided to measure the delay from the date of the settlement, such delay would be minimal.

Second, while this Court need not even consider additional facts of when Adler first learned of the sealed court records, those facts make it abundantly clear that Adler did not delay in intervening. Adler was first made aware of the underlying case and settlement on October 8, 2021. *See* Ex. A, Declaration of Loren Adler, September 14, 2023 ¶ 1. It was then that he learned of the sealed records and closely reviewed the underlying allegations and extent of sealing. *Id.* ¶¶ 1, 3. Based on his review of the court record, including the settlement agreement, as well as conversations with Public Justice, he did not believe that the records would be unsealed unless he intervened. *Id.* ¶ 4. He then sought approval from his employer to become involved in this litigation, and worked with counsel in preparing filings throughout November 2021. *Id.* ¶¶ 5-6. The motions to intervene and unseal were filed on December 14, 2021. *Id.* ¶ 7. Thus, Adler did not delay in intervening; he

acted promptly upon realizing his interest and the public's interest in accessing the court records that would not otherwise be protected.

**The second *Stallworth* factor**—the prejudice to the existing parties caused by the delay—also weighs in favor of intervention. First, because there was no meaningful delay, there was no prejudice caused by delay. "The relevant prejudice is that created by the intervenor's delay in seeking to intervene" and "not prejudice to existing parties if intervention is allowed." *Ford v. City of Huntsville*, 242 F.3d 235, 240 (5th Cir. 2001).

Not only is prejudice caused by intervention (as opposed to delay) not relevant under *Stallworth*, but Team Health's claims of prejudice rest on an erroneous interpretation of Fifth Circuit sealing law. Team Health will argue that the question of sealing has already been litigated and it would be unduly burdensome to revisit the issue. But the Fifth Circuit requires "a case-by-case, 'document-by-document,' 'line-by-line' balancing of 'the public's common law right of access against the interests favoring nondisclosure'" and requires courts to "articulate any reasons that would support sealing." *Binh Hoa Le*, 990 F.3d at 418-19. Such analysis never took place.

To the contrary, this Court expressly reserved the question of whether court records should be unsealed for trial. *See* Doc 353 at 32 (Page ID 10401). And Fifth Circuit case law does not apply a different standard to sealing court documents used

5

at trial compared to sealing court records filed in support of dispositive motions—both require particularized findings, on a document-by-document, line-by-line basis, of compelling reasons that outweigh the public right of access. *See Binh Hoa Le*, 990 F.3d at 421 (applying the compelling reasons standard to "judicial records" generally, "including stipulated secrecy"). So, to the extent that Team Health argues that further analysis on questions of sealing was not necessary because a trial never took place, that argument rests on an error of law.[1]

**The third *Stallworth* factor**—the prejudice to the movant if intervention is denied—must also be reconsidered in light of the Fifth Circuit's opinion. This Court's prior analysis of this factor focused on Adler's particular research interests, but the Fifth Circuit's analysis—particularly when discussing why Adler had standing to intervene—recognized that Adler is properly representing the public's interest in access to the court documents. *See Team Fin., L.L.C.*, --- F.4th ---, WL 5618996, at *3.

---

[1] It is for these same reasons that this Court should reject any argument that intervention should be denied under Rule 24(b)(3): there was no delay and Team Health will suffer no prejudice. Moreover, that provision is concerned with prejudice to "the adjudication of the original parties' rights," but here, the parties already settled the underlying case so Adler's intervention does not affect such adjudication. Nor has Team Health explained why permitting intervention would prejudice the adjudication of its right to keep certain information secret. The Court will assess the motion to unseal on the merits and properly account for Team Health's right to keep sealed any trade secrets, patient's personal health information, or other information for which there are compelling reasons for secrecy.

The public has a significant interest at stake. The public has an interest in understanding the nature of the alleged fraudulent conduct in a case involving a company that operates emergency rooms across the country, and in which there was a settlement with the United States and Relators for $48 million without any injunctive relief requiring the company to change its billing practices moving forward. Information about how companies like Team Health operate, their alleged misconduct, and how the U.S. government and courts respond to such information implicate the public's interest in understanding health care policy, including the cost and quality of health care in America. *See* Doc. 443-1 ¶ 6 (Page ID 11927). The extensive amount of sealed information in this case based on Team Health's blanket confidentiality designations, and the lack of explanation of what specific information has been sealed and why, demonstrate the need for someone like Adler to intervene and represent the public's interest in access to court records. Intervention is necessary to protect the public's interest, as well as Adler's particularized interest, in access to the court record.

**The fourth *Stallworth* factor**—unusual circumstances that militate in favor of a finding of timeliness—should likewise be reconsidered in light of the Fifth Circuit's decision and weighs in favor of permitting intervention. Again, the Fifth Circuit recognized that Adler was representing the public's right of access to court records—not just his own personal interest. *See Team Fin., L.L.C.*, --- F.4th ---, WL

5618996, at *3. This creates an unusual circumstance that militates in favor of permitting intervention because even if this Court concluded—contrary to the facts presented in the attached Declaration—that Adler could have acted more promptly in intervening, it does not make sense to deny the *public* its right of access for circumstances that are particular to Adler. Indeed, that is why courts tend to permit intervention to unseal court records years after a case closes without closely interrogating the timeline of the particular intervenor's knowledge of the case.[2] Thus, Adler's representation of the public's interest in access is a unique circumstance that should weigh in favor of a finding of timeliness under *Stallworth.*

\*   \*   \*

Given the Fifth Circuit's decision as well as the attached supplemental Declaration, it is apparent that the *Stallworth* timeliness factors—especially the first factor—weigh in favor of finding Adler's motion to intervene is timely. Permitting intervention should not impose a significant burden on the Court. It is the party

---

[2] *See, e.g.*, *Blum v. Merrill Lynch Pierce Fenner & Smith Inc.*, 712 F.3d 1349, 1354 (9th Cir. 2013) (allowing intervention six years after case settled); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 780 (3d Cir. 1994) (allowing intervention six and one-half month after case settled); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992) (allowing intervention two years after case terminated); *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990) (allowing intervention three years after case settled); *FDIC v. Ernst & Ernst*, 677 F.2d 230, 232 (2d Cir. 1982) (allowing intervention two years after case settled); *Olympic Refining Co. v. Carter*, 332 F.2d 260, 265-66 (9th Cir. 1964) (allowing nonparty to seek access to discovery material three years after case was terminated).

seeking to keep documents sealed that has the obligation of making a document-by-document, line-by-line showing of compelling reasons that outweigh the public's right of access. Parties routinely do this in large document cases by producing charts that are akin to privilege logs. The charts identify the sealed document or redacted text and explain what type of information is being sealed and why. An evidentiary showing of harm from disclosure may also be required.

If Team Health had presented specific reasons for sealing specific information, instead of just sealing everything marked confidential under the protective order through boilerplate motions to seal, Adler would have been able to draft a more targeted motion to unseal. Once Team Health identifies what specific information really continues to merit sealing and provides the requisite showing of compelling reasons, the litigation over the motion to unseal will quickly become more focused. The type of information that can be kept sealed on the court record is very limited and Adler is not interested in accessing anyone's personally identifiable health information.

## CONCLUSION

Accordingly, this Court should grant Adler's motion to intervene.

Respectfully submitted,

/s/ Ellen Noble

Ellen Noble (pro hac vice )
Leah Nicholls (pro hac vice)

9

>Public Justice
>1620 L Street, NW, Suite 630
>Washington, D.C. 20036
>(240) 620-3645
>enoble@publicjustice.net
>lnicholls@publicjustice.net
>
>Martin Woodward
>Kitner Woodward PLLC
>13101 Preston Road, Suite 110-3323
>Dallas, TX 75240
>(214) 443-4300
>martin@kitnerwoodward.com
>
>*Counsel for Movant Loren Adler*

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record.

>/s/ Ellen Noble

10